[Civ. No. 6357. Third Dist. Nov. 7, 1941.]

G. G. WELLS, Appellant, v. CALIFORNIA TOMATO JUICE, INC. (a Corporation) et al., Respondents.

Stern & Grupp for Appellant.

Torregano & Stark for Respondents.

THOMPSON, J.—The plaintiff has appealed from a judgment which was rendered against him in a suit to foreclose a mechanic's lien, on the ground that the suit was not commenced within the time limited by section 1190 of the Code of Civil Procedure. The suit was not begun within ninety days after the notice of lien was filed. The appellant contends that the statute was tolled pending the appointment of a trustee in bankruptcy and until permission was granted plaintiff to maintain the action in a state court.

The record shows that plaintiff recorded his notice of mechanic's lien December 6, 1935. The respondent, California Tomato Juice, Inc., was adjudged a bankrupt on November 27, 1935. A trustee in bankruptcy was not appointed until January 18, 1936. Upon application therefor, the appellant was granted leave by the United States District Court, on March 2, 1936, to maintain his action in the state court to foreclose the mechanic's lien. This suit was then commenced March 6, 1936, which was ninety-one days after the filing of the lien.

If it is necessary as a prerequisite to the maintenance of an action to foreclose a mechanic's lien in a state court, first to procure leave to do so from the United States court, after the appointment of a trustee in a pending bankrupt estate, then, we may assume, the statutory limitation for commencing the action in the present case was tolled by the provisions of section 356 of the Code of Civil Procedure, during

the period of time the plaintiff was necessarily delayed in procuring consent of the district court to maintain the action.

Since the property upon which the appellant claims a mechanic's lien was in the custody of the United States District Court before the notice of lien was recorded, the state court was without jurisdiction to enforce the lien in this action until the federal court granted leave to maintain the suit in that court. (*Straton* v. *New*, 283 U. S. 318 [51 Sup. Ct. 465, 75 L. Ed. 1060]; 5 Remington on Bankruptcy, 4th ed., 571, sec. 2370; 11 U. S. C. A., sec. 11, page 74, note 34.) Regarding the exclusive control of the federal court in which a bankruptcy proceeding is pending, over proceedings to establish or enforce liens against property in the custody of the bankruptcy court, it is said in the Straton case, *supra:*

"The purpose of the Bankruptcy Law . . . is to place the property of the bankrupt, wherever found, under the control of the court, for equal distribution among the creditors. The filing of the petition is an assertion of jurisdiction with a view to the determination of the status of the bankrupt and a settlement and distribution of his estate. This jurisdiction is exclusive within the field defined by the law, and is so far *in rem* that *the estate is regarded as in custodia legis from the filing of the petition. Acme Harvester Co.* v. *Beekman Lumber Co.*, 222 U. S. 300, 56 L. Ed. 208, 32 S. Ct. 96. *It follows that liens cannot thereafter be obtained nor proceedings be had in other courts* to reach the property, the district court having acquired the exclusive right to administer all property in the bankrupt's possession. (Citing numerous authorities.) . . .

"Though a lien be not discharged by bankruptcy, its owner may not, without the bankruptcy court's permission, institute proceedings in a state court to enforce it, since his so doing might interfere with the orderly administration of the estate." (Italics ours.)

While it is true that the federal court in which a bankruptcy proceeding is pending may retain the exclusive jurisdiction to determine and enforce liens against property in its custody, yet, in proper cases, under certain circumstances, it has the discretion to permit the maintenance of an action for that purpose in a state court. (11 U. S. C. A., sec. 11, page

76, note 35.) In 4 Remington on Bankruptcy, 4th ed., page 536, section 1612, it is said in that regard:

"The bankruptcy court might permit the creditors, for the benefit of all, to institute litigation, or to continue litigation already instituted, in the State court, retaining, itself, the custody of the *res.* . . .

"But, of course, it is not bound to do so, and it may refuse to permit such controversy over property in its own custody to be carried on elsewhere."

It has been held that the federal court may properly authorize the maintenance of a suit to enforce a mechanic's lien under a local statute in a state court. In 5 Remington on Bankruptcy, 4th ed., 571, sec. 2370, the author says:

"The bankruptcy court has permitted controversies in some cases over property in its possession to be carried on elsewhere, and to this end has authorized suits to be instituted, or, if already instituted, to be maintained in the United States District Court, or in a state court.

"The cases where the bankrupt court has thus permitted litigation over property in its possession to be instituted in other courts, or if pending, to be maintained there, can be divided into classes: . . .

"Second, where, as in regard to mechanic's liens in some states, a suit must be brought in a particular court within a prescribed time."

Since it was necessary in the present case to procure permission of the United States District Court in which the bankruptcy proceeding was pending when the notice of lien was filed, as a prerequisite to the conferring of jurisdiction on the state court to determine and enforce the lien, it follows that the limitation of time within which the proceedings to enforce the lien in the state court must be commenced as provided by section 1190 of the Code of Civil Procedure should be extended during the period of time necessarily required to appoint the trustee in bankruptcy and to procure the consent of the federal court to institute and maintain the action. Section 356 of the Code of Civil Procedure provides:

"When the commencement of an action is stayed by injunction *or statutory prohibition,* the time of the continuance of the injunction or prohibition is not part of the time limited for the commencement of the action." (Italics ours.)

Until the appellant could have lawfully commenced his suit in the state court to enforce his mechanic's lien, he should not be charged with the lapse of statutory time within which to do so. The statute of limitations is deemed to run against a lien-holder only while he may, with the exercise of due diligence, institute the proceeding *of his own volition.* When the consent of a United States District Court is a necessary prerequisite therefor, it should be tolled until its consent can be procured after the appointment of the trustee, who becomes a necessary party to the application therefor.

In the present case the trustee was not appointed until January 18, 1936, which was forty-three days after the recording of his notice of lien. We assume that until the appellant could, without unnecessary delay, procure the consent of the district court to maintain his action in the state court, the statute would be tolled. In the case of *Hoff* v. *Funkenstein,* 54 Cal. 233, the statute of limitations within which a suit on a promissory note could be commenced, was held to be tolled by the pendency of bankruptcy proceedings. The court said:

"The theory of our Statute of Limitations is, that a creditor has four years (or other time, as the case may be) on any day of which he may, *of his own volition,* commence an action." (Italics ours.)

The mere application to the United States District Court or the granting of leave to maintain the action for foreclosure of the mechanic's lien in the state court does not constitute the *commencement of proceedings* to enforce the lien, contemplated by section 1190 of the Code of Civil Procedure. That application is merely preliminary to the commencement of the action. (*Union Tank & Pipe Co.* v. *Mammoth Oil Co., Ltd.,* 134 Cal. App. 229 [25 Pac. (2d) 262]; 16 Cal. Jur. 564, sec. 160; 7 Permanent Ed. of Words & Phrases, p. 729.) Many cases hold that the commencement of an action or proceeding dates from the issuing of process with the *bona fide* intention of serving it upon the adverse parties to the controversy. Some cases hold that the summons or process must actually be placed in the hands of the officer with directions to serve it.

The mere fact that permission of the federal court was actually granted to maintain the action in the state court within ninety days from the filing of the notice of lien,

would be insufficient compliance with section 1190 of the Code of Civil Procedure, since the suit to foreclose the lien was not filed within that period, provided there was no "statutory provision" which otherwise tolled the statute of limitations. But we have previously held the Bankruptcy Act does have the effect of absolutely divesting the state court of jurisdiction to entertain a suit to foreclose a mechanic's lien affecting real property belonging to the estate of a bankrupt, after the adjudication of bankruptcy has been made, in the absence of consent therefor by the federal court. It follows that, under the circumstances of this case, the "statutory provisions" of the Bankruptcy Act precluded the plaintiff from prosecuting his action to foreclose his mechanic's lien for the period of forty-three days from the recording of his notice of lien, and that the statute of limitations would therefore be tolled for at least that period of time.

Upon a careful analysis of the authorities cited by the respondent upon that issue, we find nothing in conflict with what we have previously said in that regard. We are of the opinion this suit to foreclose the mechanic's lien was not barred by the statute of limitations, and that the findings and judgment of the trial court to that effect are not supported by the evidence.

The judgment is reversed.

Tuttle, J., and Pullen, P. J., concurred.