[Civ. No. 4410. Fourth Dist. Nov. 28, 1951.]

FRANK L. MARTIN et al., Appellants, v. GEORGE T. GOGGIN, as Trustee in Bankruptcy, et al., Respondents.

Ralph C. Curren and Roy B. Woolsey for Appellants.

Albert H. Ford for Respondents.

BARNARD, P. J.—This is an action to foreclose a mechanic's lien. In September, 1947, Charles F. Doyle and Gladys S. Doyle deeded a parcel of real property in Riverside County to two partners. The plaintiffs furnished materials and labor used in constructing improvements on this real property and filed claims of mechanic's liens on August 5, 1948, and September 24, 1948.

On October 12, 1948, these partners, as a partnership and individually, instituted a proceeding for an arrangement in the United States District Court under chapter 11 of the Bankruptcy Act (11 U.S.C.A. §§ 701 to 799), and thereafter the defendant Goggin was appointed trustee of their estates. On April 24, 1950, these plaintiffs obtained an order from the United States District Court authorizing them to bring this action against the trustee, and such other persons as they deemed necessary. This action was commenced on July 28, 1950. At that time the bankruptcy proceeding was still pending, and no order denying a discharge had been entered and no right to a discharge had been waived or lost.

The complaint in this action named only the trustee, the Doyles, and a title company as trustee, as defendants. (Apparently, the Doyles held a trust deed with the title company as trustee.) In addition to the above facts the complaint alleged that the Doyles and the title company claimed to have some lien upon the property; that this lien, if any, was inferior to and subject to the lien of the plaintiffs; and that the time within which to foreclose the plaintiffs' lien, as provided by sections 356 and 1190, Code of Civil Procedure, has been suspended by the provisions of section 11(f) of the Bankruptcy Act. The prayer was for a judgment against the defendants for the amounts claimed due to the plaintiffs, and for a foreclosure of the plaintiffs' lien.

The trustee did not appear. The Doyles demurred on the ground that the action was barred by the provisions of section 1190, Code of Civil Procedure. The court sustained this demurrer without leave to amend, and entered a judgment in favor of the Doyles in which it was decreed that the plaintiffs' cause of action is barred by the provisions of section 1190 of the Code of Civil Procedure.

On this appeal from the judgment, the sole issue presented is whether or not the time within which this action could be commenced has been indefinitely extended by a 1938 amendment to section 11(f) of the Bankruptcy Act (11 U.S.C.A. § 29f). That amendment (29f) provides in part that the operation of any statute of limitations of any state, affecting the provable debts of a bankrupt, shall be suspended during the period from the filing of the bankruptcy petition until 30 days after the entry of an order denying a discharge, or the loss of a right to a discharge, or the dismissal of the bankruptcy proceeding, whichever first occurs. The appellants contend that section 1190 of our code

is such a statute of limitations, and that the provisions of 29f are applicable and serve to toll the running of the time provided for in our statute, until such time as a right to a discharge is ended in the bankruptcy proceeding or that proceeding is dismissed. The respondents contend that the 1938 amendment to the Bankruptcy Act (29f) applies only to pending cases in personam and is not applicable to lien foreclosures; that 29f is not applicable to actions against trustees; that section 1190 of our Code of Civil Procedure is controlling; and that the appellants waited 94 days before bringing the action, after the entry of the federal court order permitting them to do so.

A lien claimant is entitled to the length of time allowed by the statute during which he may lawfully commence an action to foreclose his mechanic's lien, and the running of our statute is tolled during the time in which he is under some statutory or other prohibition which prevents him from bringing the action. (*Wells* v. *California Tomato Juice Inc.,* 47 Cal.App.2d 634 [118 P.2d 916].) No valid reason appears why such a resulting extension of the statutory time should continue after the prohibition is removed.

The effect of the new chapter on arrangements, added to the Bankruptcy Act in 1938 [11 U.S.C.A. §§ 701 to 799), was to provide a procedure which would naturally extend bankruptcy proceedings for a much longer time but which might well enable the creditors to be eventually paid in full. The purpose of the amendment to section 11(f) of the Bankruptcy Act (11 U.S.C.A. § 29f) was to preserve the property of the bankrupt until the various and relative values and rights of all parties concerned could be determined and passed upon by the bankruptcy court. Section 702 provides that the provisions of 29f, which appear in chapter 3, shall apply in such proceedings "insofar as they are not inconsistent with or in conflict with the provisions of this chapter." In addition to the general powers given to the bankruptcy court, in chapter 1 of the Bankruptcy Act, to make such orders as may be necessary in order to carry out the powers specifically given, section 714 of the chapter on arrangements (11 U.S.C.A. § 714) gives the bankruptcy court power to decide whether or not any proceeding to enforce a lien upon the property of a debtor shall be allowed to be commenced or to be continued. Both by statute and by precedent, which has long been recognized, the bankruptcy court had the power and authority to make its order

"authorizing the filing of this action" by the appellants for the purpose of foreclosing their lien on this property. In effect, the bankruptcy court thus released its control over this property for the purpose of permitting this suit to be filed. By its order permitting the filing of this suit the court necessarily suspended any operation of 29f, and turned the matter of enforcing this lien over to the state court, where it became subject to the operation of the state laws. Assuming that 29f was originally applicable to this matter, its operation and effect was ended by the order of the bankruptcy court permitting this action to be filed.

It would be unreasonable to hold that 29f remains controlling, and provides an indefinite extension and suspension of the operation of state laws, after the bankruptcy court has determined that it no longer wants to retain control over the property involved. After the bankruptcy court has decided that it does not want to hold the property any longer, and has released it for the very purpose of permitting a creditor to proceed with his remedy under state law, the purpose of 29f has been fully accomplished. It is inconceivable that 29f was ever intended to have the effect of changing the operation of state laws after the bankruptcy court has released its hold on the property, and has ordered the entire lien matter returned to the state court. From that time, at least, the lien claimant is not only free to proceed under state law but is bound to comply therewith. In this case, after receiving permission to proceed under state law for the enforcement of their lien, the appellants allowed the full statutory time to elapse before bringing the action. The order authorizing the appellants to bring this action removed the matter of enforcing this lien from the effect of *all* of the provisions of the Bankruptcy Act, and not merely from all but the one here relied on.

The judgment is affirmed.

Griffin, J., and Mussell, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied January 24, 1952. Edmonds, J., and Traynor, J., voted for a hearing.