GARBE IRON WORKS, INC., Plaintiff-Appellant, *v.* GEORGE J. PRIESTER, Indiv. and d/b/a George J. Priester Aviation Service, *et al.*, Defendants-Appellees.

First District (1st Division)   No. 82—0482

Opinion filed November 22, 1982.—Rehearing denied December 27, 1982.

Drendel, Schanlaber, Horwitz and Oakes, and Edwards, Parker and Jordan, both of Aurora (Richard L. Horwitz, David J. Chroust, and James Edwards, of counsel), for appellant.

Ned Langer, of Chicago (Stuart Finkle, of counsel), for appellees.

JUSTICE GOLDBERG delivered the opinion of the court:

Garbe Iron Works, Inc. (plaintiff), filed this action against George J. and Veta L. Priester, National Precast, Inc., Precast's trustee in bankruptcy, and other parties (defendants) to enforce a mechanics' lien (Ill. Rev. Stat. 1979, ch. 82, par. 1 *et seq.*). On motion of defendants, the trial court dismissed counts I and II of the amended complaint with prejudice. Plaintiff appeals.

In passing upon a motion to dismiss, the well-pleaded facts in plaintiff's amended complaint are to be taken as true. (*Bio-Medical Laboratories, Inc. v. Trainor* (1977), 68 Ill. 2d 540, 545, 370 N.E.2d 223.) The pleadings established the following chronology:

December 1, 1978: Acting under a contract with George and Veta Priester (owners), National Precast, Inc. (contractor), entered into an agreement with plaintiff whereby plaintiff would furnish labor and materials for the property of the owners.

February 2, 1979: Plaintiff completed performance under the contract.

May 2, 1979: Plaintiff filed a claim for mechanics' lien with the recorder of deeds of Cook County. The property owners were served with a copy of the lien. Ill. Rev. Stat. 1979, ch. 82, par. 21.

August 11, 1980: The contractor filed a petition in bankruptcy under chapter XI in the Federal District Court. This automatically stayed all proceedings in the State court. 11 U.S.C. sec. 362(a) (Supp. II 1978).

December 23, 1980 (133 days later): The bankruptcy court entered an order modifying this stay to permit plaintiff to file and pursue its suit to attempt foreclosure of its mechanics' lien.

March 16, 1981: Plaintiff filed the instant suit.

Count I of the amended complaint sought to foreclose plaintiff's mechanics' lien. Count II sought damages from the property owners for payments made to the contractor allegedly in violation of plaintiff's rights under section 32 of the Mechanics' Liens Act. Ill. Rev. Stat. 1979, ch. 82, par. 32.

On November 12, 1981, various defendants moved to strike and dismiss the amended complaint for failure to state a cause of action. The defendants contended the complaint should be dismissed because plaintiff failed to file its suit to enforce the lien within two years after the completion of the contract. (Ill. Rev. Stat. 1979, ch. 82, pars. 9, 28.) The trial court dismissed plaintiff's amended complaint with prejudice.

Plaintiff contends the two-year limitation period for foreclosure of a mechanics' lien (Ill. Rev. Stat. 1979, ch. 82, pars. 9, 28) was tolled

by the filing of the bankruptcy petition by the contractor. The Federal Bankruptcy Act states (11 U.S.C. sec. 362(a) (Supp. II 1978)):

> "Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title [11 U.S.C.S. secs. 301, 302, or 303] operates as a stay, applicable to all entities, of—
>
>> (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other proceeding against the debtor that was or could have been commenced before the commencement of the case under this title [11 U.S.C.S. sec. 1 *et seq.*], or to recover a claim against the debtor that arose before the commencement of the case under this title [11 U.S.C.S. sec. 1 *et seq.*];
>>
>> * * *
>>
>> (4) any act to create, perfect, or enforce any lien against property of the estate;
>>
>> * * * "

Plaintiff urges this provision prevented plaintiff from proceeding to enforce its lien against the contractor who was a necessary party. (See Ill. Rev. Stat. 1979, ch. 82, par. 28; *Capitol Plumbing & Heating Supply, Inc. v. Van's Plumbing & Heating* (1978), 58 Ill. App. 3d 173, 175, 373 N.E.2d 1089.) Plaintiff depends upon and cites section 108(c) of the Bankruptcy Act, which states (11 U.S.C. sec. 108(c) (Supp. II 1978)):

> "Except as provided in section 524 of this title [11 U.S.C.S. sec. 524], if applicable law, an order entered in a proceeding, or an agreement fixes a period for commencing or continuing a civil action in a court other than a bankruptcy court on a claim against the debtor, or against an individual with respect to which such individual is protected under section 1301 of this title [11 U.S.C.S. sec. 1301], and such period has not expired before the date of the filing of the petition, then such period does not expire until the later of—
>
>> (1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; and
>>
>> (2) 30 days after notice of the termination or expiration of the stay under section 362, 922, or 1301 of this title [11 USCS sec. 362, 922, or 1301], as the case may be, with respect to such claim."

Defendants contend the filing of the petition in bankruptcy does not toll the two-year limitation of actions to enforce a mechanics' lien.

Defendants cite *Muehlfelt v. Vlcek* (1969), 112 Ill. App. 2d 190, 193, 250 N.E.2d 14, where this court stated:

> "It is well known that the rights afforded by the Mechanics' Lien Act are in derogation of the common law and must be strictly construed. [Citations.] The provision that suit must be brought within two years of the completion of the contract is not just a limitation on the remedy afforded in the Act but is a condition to the right itself. [Citations.] It is necessary to file suit within the time provided to invoke the jurisdiction of the court. If a contractor does not file his suit within the two years, he has not availed himself of the special rights conferred by the legislature and he has, in effect, no right to a lien."

■ The two-year period after completion of performance by plaintiff expired on February 2, 1981. Plaintiff's suit was filed March 16, 1981. The proceedings were stayed 133 days by the stay from the bankruptcy court. Thus the dispositive issue is whether the stay operated to toll passage of the statutory time for filing the suit. This issue has apparently not been decided by the courts of Illinois.

In our opinion, the complaint should not have been dismissed. The above language of section 362(a)(1) of the Bankruptcy Act is unequivocably clear that the petitioner in bankruptcy is to be protected from all forms of judicial proceedings including the mere "issuance or employment of process ***." (U.S.C. sec. 362(a)(1) (Supp. II 1978).) This is further emphasized by the legislative history of this section which states (H.R. Rep. No. 95-595 to accompany H. R. 8200, 95th Cong., 1st Sess. (1977), reprinted in 11 U.S.C.S. sec. 362, at 260 (1978)):

> "Subsection (a) defines the scope of the automatic stay, by listing the acts that are stayed by the commencement of the case. The commencement or continuation, including the issuance of process, of a judicial, administrative, or other proceeding against the debtor that was or could have been commenced before the commencement of the bankruptcy case is stayed under paragraph (1). The scope of this paragraph is broad. All proceedings are stayed, including arbitration, license revocation, administrative, and judicial proceedings. Proceedings in this sense encompasses civil actions as well, and all proceedings even if they are not before governmental tribunals."

We believe plaintiff had no alternative but to delay filing of suit until the automatic stay was terminated. Thus, the intervention of section 108(c) of the Bankruptcy Act acted to extend the time period for plaintiff to file its suit. Therefore, the suit was timely filed and should not have been dismissed.

■ With respect to defendants' contention that the provisions of the Bankruptcy Act toll only ordinary statutes of limitations and not limitations upon the right itself, this court rejected this distinction by analogy in *Levine v. Unruh* (1968), 99 Ill. App. 2d 94, 240 N.E.2d 521. In *Levine*, the issue before us was whether the tolling provisions of the previous Bankruptcy Code could be extended to a cause of action under the Illinois Securities Law of 1953 (Ill. Rev. Stat. 1965, ch. 121½, par. 137.1 *et seq.*). We noted the time limitation periods under the Illinois Securities Law of 1953 were conditions precedent to the cause of action as opposed to ordinary statutes of limitations (99 Ill. App. 2d 94, 98). However, citing *Dower v. Bomar* (5th Cir. 1963), 313 F.2d 596, and *United States v. Paul Hardeman, Inc.* (M.D. Fla. 1966), 260 F. Supp. 723, we concluded the tolling provisions of the Bankruptcy Act extended to these special limitation periods as well as the usual statutes of limitations. (99 Ill. App. 2d 94, 99-100.) Therefore, we are impelled to reject defendants' contention.

In our opinion the comparison of a pure statute of limitations to restriction of the time to bring an action by a condition of the right sought to be enforced leads to creation of a distinction without a difference; particularly in the context of the case at bar where we are dealing with a stay of enforcement resulting from the imposition of a binding Federal statute.

The judgment appealed from is therefore reversed and the cause remanded for further proceedings consistent with this opinion.

Judgment reversed; cause remanded.

CAMPBELL, P.J., and McGLOON, J., concur.