**In re CHEMISPHERE PARTNERS, Chemisphere Incorporated, Debtors.**

**Jay A. STEINBERG, Trustee, Plaintiff,**

**v.**

**NATIONAL SURVEY SERVICE INC. and Gateway Supply Co., Defendants.**

**Bankruptcy Nos. 86 B 4766, 86 B 4769. Adv. No. 88 A 138.**

United States Bankruptcy Court, N.D. Illinois, E.D.

Sept. 16, 1988.

Richard M. Fogel, Schiller, Klein & Steinberg, Chicago, Ill., for plaintiff.

Robert A. Novelle, Serpico, Novelle, Dvorak & Navigato, Ltd., Chicago, Ill., for National Survey Service Inc.

Samuel H. Levine, Harold I. Levine, Ltd., Chicago, Ill., for Gateway Supply Co.

## MEMORANDUM OPINION SUPPORTING FINAL DISMISSAL OF COUNT I

JACK B. SCHMETTERER,
Bankruptcy Judge.

In Count I the Plaintiff Trustee seeks a declaration that the mechanics' lien claimed by Defendant National Survey Service Inc. against Debtors' property is invalid and unfavorable. He asks that such lien be set aside under 11 U.S.C. § 544. The basis alleged is the failure of Defendant to file suit to enforce its lien within two years of work completion as required by state law. Defendant responds that the two-year period under state law was tolled by pendency of the related bankruptcy cases and resulting automatic stay barring enforcement. On that basis Defendant moves to strike and dismiss Count I.[1] For reasons set forth below, Count I will now be finally dismissed.

### FACTS

Most of the following facts are alleged by Plaintiff and deemed admitted for purposes of considering Defendant's motion to dismiss. For the limited purpose of ascertaining the exact dates of filing of the related bankruptcy cases and determining that the Defendant never filed therein any motion to modify stay, this Court takes judicial notice of the docket in those related cases which pend before this Court.

The Plaintiff is Trustee in the two related bankruptcy cases. Debtors retained Defendant National Survey Service, Inc. ("National") to perform certain survey and typographical work as to Debtors' Illinois property. That work was completed May 1, 1985, and a mechanics' lien subsequently filed by Defendant against Debtor's property, on July 31, 1985 in the amount of $6,667.74. However, Defendant did not file suit to enforce its mechanics' lien within two years of completing the work as required by ILL.REV.STAT. ch. 82, pars. 9, 28 (1986).

Before the two-year period expired, the Debtor Chemisphere Partners (Case No. 86 B 4766) filed its bankruptcy proceeding in this Court on March 26, 1986. Debtor Chemisphere Incorporated (Case No. 86 B 4769) filed its Petition and bankruptcy proceeding in this Court on March 26, 1986. In neither of those proceedings did National request the Bankruptcy Court to modify stay to permit it to file its suit to enforce the lien. Nor did Debtors or Trustee ask the Court to permit National to proceed to enforce its lien.

### DISCUSSION

■ This Court has core jurisdiction under 28 U.S.C. § 157(b)(2)(k). The parties agree that Illinois provides the applicable mechanics' lien law. Ordinarily, a contractor having a mechanics' lien must file suit to enforce its lien within two years of work completion or its lien claim is lost under the law of Illinois. ILL.REV.STAT. ch. 82, para. 9 (1986). Similarly, a laborer, materialman, or sub-contractor ordinarily must enforce its lien within two years. ILL. REV.STAT. ch. 82, para. 28 (1986). However, it is clear that National was and remains barred by the automatic stay from suing to enforce its lien absent modification of that stay. 11 U.S.C. § 362.

In this circumstance, the Illinois Supreme Court has ruled under the law of this state that the two-year period for filing suit to enforce a mechanics' lien is tolled from the time that a necessary party to the enforcement suit files bankruptcy petition until the automatic stay is modified to permit enforcement. *Garbe Iron Works, Inc. v. Priester,* 110 Ill.App.3d 948, 443 N.E.2d 204, 66 Ill.Dec. 521 (1st Dist.1982), *affirmed Garbe Iron Works, Inc. v. Priester,* 99 Ill.2d 84, 457 N.E.2d 422, 75 Ill.Dec. 428 (1983).

---

1. Count II was earlier dismissed.

Plaintiff contends that *Garbe* should be read to hold the two-year period to be tolled only for parties who seek to have the stay modified within that two-year period. No such holding is found in that case, either in the Appellate Court or in the Supreme Court opinion. Plaintiff does not point to language in either opinion to support such a reading. The holding by the Illinois Supreme Court in *Garbe* was broadly stated:

"At issue is whether a bankruptcy filing by a necessary party in an action to enforce a mechanic's lien extends the amount of time the subcontractor has to file suit. We conclude that it does and consider Section 108(c) of the Bankruptcy Act to be dispositive." *Garbe, Id.,* 457 N.E.2d at 424, 75 Ill.Dec. at 430.

The Supreme Court affirmed the Appellate Court decision which had ruled that:

"... the intervention of section 108(c) of the Bankruptcy Act acted to extend the time period for plaintiff to file its suit." *Garbe, Id.,* 443 N.E.2d at 206, 66 Ill.Dec. at 523.

In affirming the lower court opinion, the Supreme Court clearly recognized that:

"[t]he appellate court concluded that the section 9 limitation period [of the Illinois Mechanics' Lien Act] was effectively tolled for 133 days—the amount of time plaintiff was prevented from filing suit due to the Bankruptcy Act's automatic stay provision." *Garbe, Id.,* 457 N.E.2d at 424, 75 Ill.Dec. at 430.

From the fact that the stay was eventually modified in *Garbe* the Plaintiff here assumes that Garbe had sought the modification. Therefore Plaintiff argues that *Garbe* should be limited to a case where the lienor moved to seek stay modification. However a close reading shows that Garbe never moved to modify the stay. Some other party did so and Garbe received the benefit of that motion. It did not even learn of the order modifying stay until 17 days after it was entered. *Garbe, Id.,* 457 N.E.2d 424, 75 Ill.Dec. at 430. Had the Illinois courts meant to follow plaintiff's theory, *Garbe* would not have prevailed as he did.

Here, less than ten months had passed following work completion by Defendant on May 1, 1985, before the related bankruptcy cases were filed in 1986. From the date of such filings to the present, the Defendant has been stayed from filing its enforcement suit. Therefore the two-year period to bring suit to enforce lien under Illinois law has been and still remains tolled. Given the state of Illinois law set forth above, there is no state of facts on which Trustee can prevail and Count I must be dismissed.

Should Trustee seek to force Defendant to confront the merits of its mechanics' lien claim, he can either do so before this or some other Court by proper pleading attacking the merits of the lien claim, or move to modify stay so as to allow Defendant to file its enforcement suit.