**MAJOR LUMBER COMPANY, INC., Plaintiff–Appellant,**

v.

**G & B REMODELING, INC., Gilbert Cabinets, Inc., Jean McCaslin, Clay County Collector, Defendants,**

**Northland National Bank, Michael J. Svetlic, Defendants–Respondents.**

**No. WD 43280.**

Missouri Court of Appeals, Western District.

Feb. 26, 1991.

Motion for Rehearing and/or Transfer to Suprme Court Denied April 2, 1991.

Application for Transfer Sustained May 3, 1991.

Case Retransferred Oct. 17, 1991.

Court of Appeals Opinion Readopted Oct. 30, 1991.

Steven M. Petry, Kansas City, for plaintiff-appellant.

Michael J. Svetlic, Kansas City, for defendant-respondent Northland Nat. Bank.

Scott B. Haines, Gladstone, for defendant Gilbert Cabinets, Inc.

Before TURNAGE, J., Presiding, and LOWENSTEIN, ULRICH and BRECKENRIDGE, JJ.

LOWENSTEIN, Judge.

The narrow issue posed here concerns a blend of lien and bankruptcy law: When a debtor's petition for relief under Chapter 11 of the U.S. Bankruptcy Code is filed *after* a creditor's petition to enforce a mechanics lien, does the pendency of the Federal bankruptcy proceeding extend the state's six month statute of limitations for enforcing a mechanic's lien for an equivalent time once the automatic stay is lifted?

Plaintiff-appellant, Major Lumber Co., Inc., ("Major Lumber"), supplied materials to G & B Remodeling, Inc. ("G & B") for the construction of a residence at 6802 Orchard Street in Kansas City. G & B apparently owed Major Lumber for the materials. Major Lumber instituted mechanics lien proceedings against the residence naming as defendants G & B; Northland National Bank; Michael J. Svetlic; Gilbert Cabinets, Inc.; Clay County, Missouri; and the State of Missouri.[1]

The chronology of events, all occurring in 1989, is as follows:

April 24 Major Lumber filed a Notice of Intent to File Mechanics Lien

May 10 Major Lumber filed a Statement of Mechanics Lien; state statute begins to run

May 11 G & B filed for relief under Chapter 11 of the Bankruptcy Code in the U.S. Bankruptcy Court for the Western District of Missouri

August 30 Major Lumber filed a Motion for Relief from Automatic Stay

September 25 The Bankruptcy Court entered an order lifting the automatic stay

November 10 End of six-month limitation period, beginning May 10, to enforce mechanics lien

November 15 Major Lumber filed a Petition for Enforcement of Mechanics Lien

The respondents Northland National Bank and Michael J. Svetlic as trustee, filed a motion to dismiss Major Lumber's petition on grounds that the six-month statute of limitation for enforcing a mechanics lien, as set out in § 429.170 RSMo Supp. 1990,[2] expired. The applicable federal bankruptcy provisions are now set out by way of footnote.[3] If the question posed at

---

1. Also named but later dismissed were: WWW Home Center, Inc.; Carl A. Hummell; Centerre Bank of Kansas City, NA; and City of Pleasant Valley.

2. All actions under sections 429.010 to 429.340 shall be commenced within six months after filing the lien, and prosecuted without necessary delay to final judgment; and no lien shall continue to exist by virtue of the provisions of said sections, for more than six months after the lien shall be filed, unless within that time an action shall be instituted thereon, as herein prescribed. Section 429.170, RSMo 1986.

3. 11 U.S.C. Section 362(a)(4), the automatic stay provision, provides in relevant part:
(a) Except as provided in subsection (b) of this section, a petition filed under Section 301, 302, or 303 of this title, or an application filed under 5(a)(3) of the Securities Investor Protection Act of 1970 (15 U.S.C. 78(a)(3)), operates as a stay, applicable to all entities, of ...
(4) Any act to create, perfect, or enforce any lien against property of the estate; ....
    11 U.S.C. Section 108(c) provides in relevant part:
(c) Except as provided in section 524 of this title, if applicable nonbankruptcy law, an order entered in a nonbankruptcy proceeding, or an agreement fixes a period for commencing or continuing a civil action in a court other than a bankruptcy court on a claim against the debtor, or against an individual with respect to which such individual is protected under section 1201 or 1301 of this title, and such period has not expired before the date of the filing of the petition, then such period does not expire until the later of ...
(1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or

the beginning of the opinion is answered in the negative, then the present lien petition is clearly out of time.

■ The scope of review for a motion to dismiss based on failure to prosecute or the expiration of the applicable statute of limitation is abuse of discretion. *Vonder Haar Concrete Co. v. Edwards–Parker, Inc.*, 561 S.W.2d 134, 138 (Mo.App.1978). If the trial court does not specify reasons for dismissal, the reviewing court may assume the trial court acted for any one of the reasons stated in defendant's motion. *Terre Du Lac, Ass'n v. Terre Du Lac, Inc.*, 737 S.W.2d 206, 211 (Mo.App.1987). The trial court here did not specify why it granted respondents' motion, so this court must affirm the trial court's dismissal if any ground asserted in defendant's motion is valid. *Id.*

■ In their motion to dismiss, respondents argued that the filing of bankruptcy did not toll § 429.170 and, thus, the state's six-month statute of limitations expired before Major Lumber filed its petition to enforce a mechanics lien. The respondent cited two cases in support: *In re Hunters Run Ltd. Partnership*, 70 B.R. 297 (Bankr. W.D.Wash.1987) and *Martin v. Goggin*, 107 Cal.App.2d 688, 238 P.2d 84 (1951).

■ *In re Hunters Run* stood for the proposition that to preserve its lien after a debtor has filed for bankruptcy, a lien claimant should get relief from the automatic stay and commence the action to enforce the lien before the state statute of limitations expired. *In re Hunters Run* is factually similar to this case in that the creditor filed its statement of mechanics lien before debtor filed bankruptcy. The respondents failed to note, however, that *In re Hunters Run* was reversed on appeal on May 26, 1989, some ten months before respondents filed their motion to dismiss. On appeal, the Ninth Circuit held Washington's eight-month statute of limitations for enforcing mechanics liens was tolled during bankruptcy proceedings.[4] *In re Hunters Run*, 875 F.2d 1425, 1429 (9th Cir.1989).[5] The court based its decision on the statutory language of 11 U.S.C. §§ 108(c) and 362(a)(4) set out *supra*, in footnote 3. The respondent's reliance on *In re Hunters Run Ltd. Partnership*, 70 B.R. 297 (Bankr. W.D.Wash.1987) is misplaced.

Respondents analogize this case to *Martin v. Goggin*, 107 Cal.App.2d 688, 238 P.2d 84 (1951), which ruled that the creditors could not enforce their lien because they allowed the state statute of limitation to expire. The court held that once the bankruptcy court gives a creditor leave to file an action in state court, the bankruptcy code no longer operates to toll the state statute of limitations. In 1951, the California statute of limitation for enforcing a mechanics lien was 90 days after the lien claim had been filed. § 1190 Cal.Code Civ. Proc. (REPEALED).

The facts of *Martin* actually support Major Lumber's argument. In *Martin*, the debtors filed bankruptcy on 10–12–48. On 3–24–50, the bankruptcy court gave the creditors permission to file suit against the debtors' trustee. On 7–28–50, the creditors filed suit to enforce their lien. Citing to

(2) 30 days after notice of the termination or expiration of the stay under section 362, 922, 1201, or 1301 of this title, as the case may be, with respect to such claim.

4. The view that 11 U.S.C. § 108(c) tolls Washington's statute of limitation for enforcing a mechanics lien is consistent with decisions of other courts, *see, e.g., In re Design Builders*, 18 B.R. 392, 394–95 (Bankr.D.Idaho 1981); *Garbe Iron Works, Inc. v. Priester*, 99 Ill.2d 84, 75 Ill.Dec. 428, 431, 457 N.E.2d 422, 425 (1983); *In re Houts*, 23 B.R. 705, 707 (Bankr.W.D.Mo. 1982); *In re New England Carpet Co.*, 26 B.R. 934, 939 (Bankr.Vt.1983); *In re Victoria Grain Co.*, 45 B.R. 2, 6 (Bankr.Minn.1984); and *In re Morton*, 866 F.2d 561, 566 (2d Cir.1989).

5. Respondents here argued that the "claim against the debtor" language of 108(c) precluded § 108(c) from applying to mechanics liens. This argument is erroneous because 11 U.S.C. § 102(2) provides that " 'a claim against the debtor includes a claim against the property of the debtor.' " *In re Hunters Run*, 875 F.2d at 1427. Respondents further argued that § 108(c) applies only to statutes of limitation and not to statutes of duration. Because § 429.170, RSMo. is a statute of duration, Respondents argued § 108(c) did not apply. This argument is irrelevant because new § 108(c) (Supp.V.1987) applies to "applicable nonbankruptcy law." The old bankruptcy law applied only to statutes of limitation. *In re Hunters Run*, 875 F.2d at 1427.

*Wells v. California Tomato Juice, Inc.,* 47 Cal.App.2d 634, 118 P.2d 916 (3d Dist.1941), the *Martin* court stated:

A lien claimant is entitled to the length of time allowed by the statute during which he may lawfully commence an action to foreclose his mechanic's lien, and the running of our statute is tolled during the time in which he is under some statutory or other prohibition which prevents him from bringing the action.

The *Martin* court then accepted the debtors' argument that the creditors' suit should be dismissed because they did not file it until 94 days after the bankruptcy court gave them permission to do so. *Martin,* does not support the judgment in this case.

The appellant, Major Lumber, relies on several cases for the proposition that filing bankruptcy tolls a state's statute of limitations for enforcing a mechanic lien. First, *Wells v. California Tomato Juice, supra,* held that California's statute of limitation for enforcing a mechanics lien was tolled by the debtor's subsequent filing of bankruptcy. *Wells,* 118 P.2d at 919. The court further found that the state statute was tolled for a period of time equal to the amount of time the plaintiff was precluded from prosecuting his mechanics lien. *Id.*

Although the issue in *In re Houts,* 23 B.R. 705 (Bankr.W.D.Mo.1982), differs from that here, the *Houts* court stated that under 11 U.S.C. § 108(c) the filing of bankruptcy tolls Missouri's statute of limitation for enforcing a mechanics lien. *In re Houts,* 23 B.R. 705 at 707. Furthermore, the court in *Garbe Iron Works, Inc. v. Priester,* 99 Ill.2d 84, 75 Ill.Dec. 428, 457 N.E.2d 422 (1983), held that when a party who is necessary in an action to enforce a mechanics lien files bankruptcy, then the amount of time the lien claimant has to file suit is extended by the number of days the automatic stay was in effect. *Garbe Iron Works, Inc.,* 75 Ill.Dec. at 430, 457 N.E.2d at 424.

The *Garbe* court specifically rejected the debtor's argument that § 108(c)(1) is triggered only when the state has a particular statutory scheme providing for the suspension of a limitation period. *Garbe Iron Works, Inc.,* 75 Ill. Dec. at 431, 457 N.E.2d at 425. The court reasoned that neither Legislative Statements nor Committee Notes indicate that § 108(c)(1) is applicable only to statutes of limitation of states that have special suspension statutes. *Id.* Thus, based on the *Garbe* court's reasoning, this court rejects respondents argument that 11 U.S.C. § 108(c)(1) does not toll § 429.170, RSMo because Missouri does not have a special suspension statute.

*In re Chemisphere Partners,* 90 B.R. 380 (Bankr.N.D.Ill.1988), held that Illinois' two-year statute of limitations for enforcing mechanics liens was tolled by 11 U.S.C. § 108(c). *In re Chemisphere,* 90 B.R. at 382. The court further held that the state statute of limitations was tolled for all lien claimants whose creditors subsequently filed for bankruptcy and not just for those lien claimants who sought to have the stay modified during the period of time set out in the state statute of limitations. *Id. See also In re Coan,* 96 B.R. 828, 832 (Bankr. N.D.Ill.1989), holding that 11 U.S.C. § 108(c) tolls Illinois' statute of limitations for enforcing a lien; *In re Morton,* 866 F.2d 561, 566 (2d Cir.1989), holding that § 108(c) tolls New York's ten-year statute of limitation for renewing judgment liens on real property.

Respondents argue that *In re Houts, In re Morton,* and *In re Hunters Run* are distinguishable because the lien claimants did not file motions with the respective courts to have the automatic stays lifted so they could enforce their liens. The court held that the tolling provisions of § 108(c) apply to New York's ten-year statute of limitation governing judgment liens on real property. Based on the holding of *In re Chemisphere, supra,* that 11 U.S.C. § 108(c) does not have such a narrow application, this court rejects respondents' argument.

Respondents also argue that § 108(c) should not be interpreted to allow the number of days the automatic stay was in effect to be tacked onto the end of the original time limitation. According to respondents' interpretation of § 108(c), Major

Lumber had until the *latter* of (1) November 10 or (2) 30 days after the stay was lifted (October 25) to enforce its lien. Respondents cite *In re Baird,* 63 B.R. 60 (Bankr.W.D.Ky.1986) for support. The *Baird* court held that § 108(c) extends a creditor's right to bring an action for 30 days after the automatic stay expires by operation of law or is lifted by order of the court. *In re Baird,* 63 B.R. at 63. The court also stated that "Section 108 does not in and of itself *suspend* the running of a statute of limitations." *Id.* The following language of *Baird* indicated the holding did not apply to a fact-pattern such as in the case at bar:

> Our decision is not inconsistent with the Second Circuit's *Martin–Trigona* [763 F.2d 503 (2d Cir.1985)] case due to our widely different fact situation. In *Martin–Trigona* the court was dealing with the question of whether a state statute of limitations had expired during the pendency of a *single* ongoing bankruptcy case. Since the state statute had not expired prior to the filing of the bankruptcy petition, the Court correctly held, Section 108(c) prevented the statute from expiring after the case was commenced. In this case we were faced with two *separate* bankruptcies ...

*In re Baird,* 63 B.R. at 63, footnote omitted.

Respondents also rely on *In re Pettibone Corp.,* 110 B.R. 848 (Bankr.N.D.Ill.1990), which had as its primary issue whether personal injury suits filed by defendants against the debtors were nullities because they were filed without bankruptcy court permission while the automatic stay was in effect. The court held these suits were nullities. *In re Pettibone Corp.,* 110 B.R. at 857. In dicta the court stated:

> Once the stay is modified, terminates or expires pursuant to any section of the Bankruptcy Code, the state law statutes of limitations relating to actions against the debtor once again become meaningful. Whether or not limitations periods include the time the stay was in effect is dependent on the existence of specialized suspension statutes found in applicable federal or state laws.

*In re Pettibone Corp.,* 110 B.R. at 853, citing to *In re Baird,* supra. As stated above, this court chooses to follow the reasoning of *Garbe Iron Works, Inc.,* supra, that the application of § 108(c) is not restricted to tolling only those state statutes that have special suspension provisions. Furthermore, *In re Pettibone* does not criticize or overrule *Garbe Iron Works, Inc.*

Major Lumber seeks to have the full six month time limit allowed in § 429.170. Major Lumber proposes that the only days counting toward the six months be those (1) from the time between when the creditor files a statement of mechanics lien and when the debtor files for bankruptcy, *plus* (2) the number of days after the automatic stay was lifted, not to exceed a total of six months. This interpretation of § 108(c) is consistent with existing case law from a majority of other jurisdictions. *Wells v. California Tomato Juice* and *In re Chemisphere,* supra. Furthermore, this interpretation is consistent with Congress' purpose in enacting § 108(c)—to allow the debtor "a breathing spell from his creditors"; Senate Report No. 95–989, 95th Cong., 2d Sess. 30, U.S.Code Cong. & Admin.News 1978, 5787, 5816. It is also consistent with the dual purpose of Missouri's mechanics lien law, which is to secure the interests of mechanics and materialmen who provide labor or supplies for the improvement of others' property, *R.L. Sweet Lumber Co. v. E.L. Lane, Inc.,* 513 S.W.2d 365, 371 (Mo. banc 1974), and to encourage prompt determination of mechanics liens. *Hennis v. Tucker,* 447 S.W.2d 580, 584 (Mo.App.1969).

The court rules the time prescribed for enforcing a lien under § 429.170 is tolled during the time an automatic stay under the U.S. Bankruptcy Code is in effect.

This cause is reversed and remanded.