Filed 12/10/13  Fiero v. Perle CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| ALFONSO FIERO,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>CERY B. PERLE,<br><br>        Defendant and Appellant. | B237779<br><br>(Los Angeles County<br>Super. Ct. No. BC438061) |

APPEAL from a judgment of the Superior Court of Los Angeles County. Michelle Rosenblatt, Judge.  Affirmed.

Joseph Darrell Palmer for Defendant and Appellant.

Lesile Schwaebe Akins for Plaintiff and Respondent.

_____

Appellant, Cery Bradley Perle, appeals a judgment entered upon an order granting summary judgment in favor of respondent, Alfonso Fiero, on his complaint to enforce a money judgment. The trial court found that the automatic stay resulting from appellant's bankruptcy proceedings, and the injunction resulting from the bankruptcy court's judgment discharging appellant's debt, prohibited respondent from timely bringing an action to enforce the judgment. Before this court, appellant argues that the discharge of appellant's debt and the reopening of appellant's bankruptcy case to determine the dischargeability of that debt did not serve to toll the statute of limitations to enforce the judgment or to renew the judgment. As we shall explain, the trial court properly concluded the statute of limitations was tolled and therefore respondent's action to enforce the judgment was timely. Accordingly we affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

On June 7, 1999, the superior court entered a judgment in favor of respondent against appellant for $350,000. On May 25, 2001, appellant filed a voluntary petition for bankruptcy. On March 11, 2002, the bankruptcy court ordered the discharge of appellant's debt and closed the case on March 28, 2002. Respondent, unaware of appellant's bankruptcy, attempted to enforce the money judgment against appellant on January 12, 2006. However, appellant informed respondent that appellant's debt was discharged in the bankruptcy proceeding.

In response to the discharge of appellant's debt, respondent submitted a motion to the bankruptcy court on September 7, 2006 to determine the dischargeability of appellant's debt. The court granted respondent's motion on September 13, 2006 and reopened appellant's bankruptcy case as an adversary proceeding to determine the dischargeability of appellant's debt. On December 7, 2009, the bankruptcy court granted respondent's motion for summary judgment in the adversary proceeding. The bankruptcy

2

court ordered a final judgment on February 1, 2010, ruling that appellant's debt (i.e., the June 7, 1999 judgment) was not discharged in appellant's bankruptcy in 2002.[1]

On May 20, 2010, respondent filed the underlying complaint against appellant seeking to enforce the judgment that had been entered in respondent's favor against appellant on June 7, 1999. Appellant filed a motion for summary judgment, arguing that the judgment was no longer enforceable because respondent had not renewed the judgment within the 10 years after it was entered, and alternatively that respondent did not file a new action to enforce the judgment within the 10-year statute of limitations period. Respondent also filed a summary judgment motion, arguing that although the new action was not brought within 10 years, the statute of limitations was tolled by: (1) appellant's bankruptcy proceeding; (2) the injunction created by the discharge of appellant's debt in the bankruptcy proceeding; and (3) the time during the reopened bankruptcy.

On October 4, 2011, the trial court granted respondent's summary judgment motion and denied appellant's motion. The court ruled that although under California law the 10-year statute of limitations to enforce on a judgment is ordinarily not tolled for any reason, California law regarding new actions on prior judgments permitted tolling in certain circumstances. Both parties agreed that the original bankruptcy proceedings tolled the statute of limitations, but the court went further and held that the period of time during which appellant's debts were discharged also tolled the statute of limitations because respondent could take no lawful action to collect on the debt during that time.

---

[1]     Appellant appealed the bankruptcy court's final judgment to the Ninth Circuit Court of Appeals. Both parties briefed and argued the case to the Ninth Circuit on December 7, 2012. On August 2, 1013, the Ninth Circuit affirmed the judgment of the bankruptcy court. (*In re Perle* (2013) 725 F.3d 1023.) Respondent's motion for an order granting judicial notice of the Ninth Circuit's opinion is granted.

The court entered its final judgment on December 6, 2011.[2]  Appellant timely filed this appeal from the judgment.

## DISCUSSION

### I.  Standard of Review

On appeal from an order granting summary judgment, the appellate court exercises *de novo* review.  (*Hartt v. County of Los Angeles* (2011) 197 Cal.App.4th 1391, 1397.)

### II.  The Trial Court Properly Entered Judgment in Favor of Respondent

Generally, under the Enforcement of Judgments law, enacted in 1982 (Code Civ. Proc., § 680.010 et seq.), a judgment is enforceable for only 10 years after the date of its entry.  (Code Civ. Proc. § 683.020, subd. (a).)  However, two methods exist to extend the time for enforcing a judgment: (1) renewal of the judgment, or (2) the filing of a separate action on the judgment.  (Code Civ. Proc., §§ 683.050 & 337.5, subd. (3); *Fidelity Creditor Service, Inc. v. Browne* (2001) 89 Cal.App.4th 195, 200-201; *Pratali v. Gates* (1992) 4 Cal.App.4th 632, 637.)

However, the application of the statute of limitations to these two procedures differs.  The differences are described in the California Law Revision Commission's comment to Code of Civil Procedure section 683.050, which states: "The 10-year period provided by Section 683.020 and the 10-year statute of limitations provided by Section 337.5 *are not coterminous*.  The period prescribed in Section 683.020 commences on the date of entry and *is not tolled for any reason*."  On the other hand, "The statute of limitations [contained in section 337.5] commences to run when the judgment is final and *may be tolled*. . . ."  (Cal. Law Revision Com. com., 17 West's Ann. Code of Civ. Proc. (1987 ed.) foll. § 683.050, p. 75, italics added; see also *Fidelity Creditor Service, Inc. v. Browne, supra*, 89 Cal.App.4th at p. 201; *Pratali v. Gates, supra,* 4 Cal.App.4th at p. 638.)  Therefore, while the time period for renewal is not tolled for any reason, the time period for the filing of an independent separate action allows for tolling.

---

[2]     After the trial court's final judgment, respondent filed a notice of renewal of the judgment and appellant objected to respondent's notice of renewal of judgment.

Based on this section, appellant contends the action on the judgment was barred because: (1) respondent failed to renew the 1999 judgment within the prescribed 10-year period; and (2) the 10-year period within which to renew the 1999 judgment cannot be tolled for any reason under the statute.

Although appellant's contentions are correct, they are beside the point. (*Pratali v. Gates, supra,* 4 Cal.App.4th at p. 637 [the court disregarded appellant's contention that respondent failed to renew the judgment because respondent filed a separate action in the underlying action, not a notice of renewal].) Regardless of whether the renewal was timely, the respondent brought a separate, independent action to enforce the 1999 judgment. Therefore, appellant's arguments with respect to the *renewal* of the judgment are not relevant to the outcome.

Here, the judgment was entered on June 7, 1999. Thus, under Code Civil Procedure section 337.5, any new action brought under Code of Civil Procedure section 683.050 had to have been filed by June 8, 2009. Respondent concedes that his action to enforce the judgment was filed May 20, 2010—10 years, 11 months, and 13 days after the judgment. Respondent contends, however, the statute of limitations was tolled during: (1) the pendency of appellant's original bankruptcy proceedings, (between May 25, 2001 and March 11, 2002); (2) the period of the injunction created by the discharge of appellant's debt on March 11, 2002, until the reopening of appellant's bankruptcy case in 2006; and (3) the pendency of the appellant's reopened bankruptcy proceeding until the bankruptcy court's determination of the nondischargeability of the appellant's debt on February 1, 2010. As we shall explain, the statute of limitations was tolled both during and after the original bankruptcy proceedings.

**A. The Statute Of Limitations Was Tolled During Appellant's Bankruptcy Proceeding**

Code of Civil Procedure section 356 provides that "[when] the commencement of an action is stayed by injunction or statutory prohibition, the time of the continuance of the injunction or prohibition is not part of the time limited for the commencement of the action." Furthermore, title 11, United States Code section 362(a) (hereafter section

5

362(a)) automatic stay provision "provides for a broad stay of litigation, lien enforcement and other actions judicial or otherwise, that are attempts to enforce or to collect prepetition claims. It also stays a wide range of actions that would affect or interfere with property of the estate, property of the debtor or property in custody of the estate." (*Kertesz v. Ostrovsky* (2004) 115 Cal.App.4th 369, 373.)

Pursuant to Code of Civil Procedure section 356 and section 362(a), case law recognizes a "bankruptcy stay [as] a 'statutory prohibition' within the meaning of Code of Civil Procedure section 356," and thus "the period of time of the automatic stay should not be counted as part of the limitation time." (*Schumacher v. Worcester* (1997) 55 Cal.App.4th 376, 380; accord *Kertesz v. Ostrovsky* (2004) 115 Cal.App.4th 369, 378; *Wells v. California Tomato Juice, Inc.* (1941) 47 Cal.App.2d 634, 637-638.)

In *Kertesz,* the court considered whether bankruptcy proceedings tolled the statute of limitations found in Code of Civil Procedure section 337.5. There, a creditor was awarded a final judgment on July 8, 1991. (*Kertesz*, *supra*, 115 Cal.App.4th at p. 371.) After entry of judgment, the defendant filed a petition for bankruptcy and that proceeding remained open for a period of 16 months. The creditor did not file an action to enforce the judgment until July 31, 2001—10 years and 24 days after the initial judgment. (*Ibid.*)

The appellate court, however, held that the 16-month period of the bankruptcy proceedings tolled the statute of limitations. (*Kertesz*, *supra*, 115 Cal.App.4th at p. 378.) The court reasoned that the Bankruptcy Act's automatic stay precluded the creditor from filing a new action against the defendant during the pendency of his bankruptcy proceeding. (*Id.* at p. 376.) "[T]he import of section 362(a) is 'that all legal actions being taken or to be taken against the debtor are halted. No new lawsuits can be commenced and ongoing proceedings are halted. The section is inclusive. Every proceeding of a judicial or quasi-judicial nature is affected.'" (*Ibid*.) Ultimately the court held that "because the commencement of [the creditor's] new action on the judgment was stayed during the pendency of the automatic stay, the California statute of limitations was tolled during this period and appellants' complaint is not time barred." (*Ibid.*)

6

Here, both appellant and respondent agree that the statute of limitations was tolled for 291 days between May 25, 2001 and March 11, 2002 during the original bankruptcy proceeding. However, even if this time is excluded from the statute of limitations, respondent's May 2010 action is still untimely by 56 days.

**B.** **The Injunction Created by the Discharge of Appellant's Debt in the Initial Bankruptcy Proceedings Tolled the Statute of Limitations Until the Debt was Deemed Nondischargeable**

Appellant argues that the time period after the first discharge of debt, as well as the reopening of the bankruptcy case to determine dischargeability of the debt, should not be tolled because those periods did not fall under the *automatic stay provision* of section 362(a). Appellant argues that only a "petition" can invoke the automatic stay provision in section 362(a). Although appellant's contention may be true, his argument is not controlling here. Respondent does not dispute that the automatic stay terminated after the discharge of debt in March 11, 2002. Instead, respondent argues that Title 11 United States Code section 524(a)'s (hereafter section 524(a)) injunction pursuant to Code of Civil Procedure 356, like an automatic stay, also tolls the statute of limitations. We agree with respondent.

Although the discharge of a bankruptcy case extinguishes the tolling of the statute of limitations provided by the automatic stay provision in section 362(a), 11 United States Code section 108(c) (hereafter section 108(c)) allows for the extension of the statute of limitations in an alternative form. Section 108(c) states, in pertinent part, "if applicable nonbankruptcy law . . . fixes a period for commencing or continuing a civil action in a court other than a bankruptcy court on a claim against the debtor, . . . such period does not expire until the later of: (1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or (2) 30 days after notice of the termination or expiration of the stay under section 362 . . . of this title . . . with respect to such claim." (11 U.S.C. § 108(c).) Section 108(c)(1) does not itself provide for tolling of the statute of limitations, but merely incorporates any suspension of a deadline that is expressly provided in other nonbankruptcy federal or

7

state statutes. (*In re Smith* (B.A.P. 9th Cir. 2003) 293 B.R. 220, 225.) Such a suspension may result from either state or federal nonbankruptcy law. (See *Rodgers v. Corrosion Prods., Inc.,* (5th Cir.1995) 42 F.3d 292, 297 [§ 108(c)(1) incorporates suspensions provided for under federal nonbankruptcy or state law]; *Aslandis v. United States Lines* (2d Cir. 1993) 7 F.3d 1067, 1073 [The reference to suspensions in §108(c)(1) "incorporates suspensions of deadlines that are expressly provided in other [nonbankruptcy] federal or states statutes."]) Thus, section 108(c)(1) incorporates state law statutes of limitation and tolling provisions to extend the time a creditor has to seek relief against a debtor once the bankruptcy proceeding terminates.

Here, California's Code of Civil Procedure section 356 provides a "nonbankruptcy law" that suspends the statute of limitations when an action is stayed by an injunction. The statute states, "When the commencement of an action is stayed by injunction or statutory prohibition, the time of the continuance of the injunction or prohibition is not part of the time limited for the commencement of the action." (Code Civ. Proc., § 356.) The running of the statute is suspended during any period in which the plaintiff is legally restrained from taking action to protect his interest. (*Eistrat v. Cecada* (1958) 50 Cal.2d 289, 291-292.) Moreover, "The suspension of a statute of limitations for a certain period is, in effect 'time taken out,' for that period and adds the same period of time to the limitation time provided in the statute." (*Schumacher, supra,* 55 Cal.App.4th at p. 380.)

As stated elsewhere here, "A bankruptcy stay has been held to be a 'statutory prohibition' within the meaning of Code of Civil Procedure section 356." (*Schumacher, supra,* 55 Cal.App.4th at p. 380; accord *Wells, supra,* 47 Cal.App.2d 634, 637-638.) In *Wells*, the court explained that the bankruptcy stay was within the meaning of a "statutory prohibition" and tolled the statute of limitations because "until the appellant could have lawfully commenced his suit in the state court to enforce his mechanic's lien, he should not be charged with the lapse of statutory time within which to do so." (*Wells, supra,* 47 Cal.App.2d at p. 638.) The *Wells* court added that "the statute of limitations is deemed to run against a lienholder only while he may, with the exercise of due diligence, institute the proceeding *of his own volition*." (*Ibid.*; original italics.) Moreover, in *Kertesz*, the

8

court confirmed that the period of time of the automatic stay of a bankruptcy proceeding should not be counted as part of the limitation time pursuant to Code of Civil Procedure section 356. (*Kertesz, supra,* 115 Cal.App.4th at p. 378.) The *Kertesz* court found that the main import of the automatic stay provision of section 362(a) was that "all legal actions being taken or to be taken against the debtor are halted. No new lawsuits can be commenced and ongoing proceedings are halted. (*Id.* at p. 376.)

Respondent contends section 524(a) created an injunction through the discharge of appellant's debt on March 11, 2002 until the bankruptcy court's determination that the appellant's debt was not dischargeable on February 1, 2010. Therefore, that time should be excluded from the statute of limitations pursuant to Code of Civil Procedure section 356 and section 108(c). We agree.

Here, we adopt the court's reasoning in both *Kertesz* and *Wells* regarding the tolling of the statute of limitations based on a bankruptcy stay pursuant to Code of Civil Procedure section 356, and we further apply this reasoning based on the effect of a discharge of debt in section 524(a). Section 524(a) states, "A discharge in a [bankruptcy case] operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived." (11 U.S.C. § 524(a).) Essentially, the discharge of a debt under section 524(a) is analogous to the form and function of the automatic stay provision in section 362(a). Based on this comparison, we are persuaded that 524(a) fits within either Code of Civil Procedure section 356's description of an "injunction" or a "statutory prohibition."

First, section 524(a) provides clearer language than section 362(a) to fall under Code of Civil Procedure section 356's description of "injunction" or a "statutory prohibition." Section 362(a) provided that a petition "operates as a stay." Similarly, section 524(a)(2) states a discharge "operates as an injunction." Both provisions effectively preclude creditors from taking action either by the imposition of a stay or injunction. However, unlike section 362(a), section 524(a) expressly uses the word "injunction" which Code of Civil Procedure section 356 expressly authorizes as time that

9

should toll the statute of limitations. Moreover, both provisions operate to halt the "commencement or continuation of an action" to "collect, recover, or offset any debt" against a debtor. (11 U.S.C §524(a)(2); see 11 U.S.C. §362(a)(1)). Here, both section 524(a) and section 362(a) *statutorily prohibit* a creditor from commencing or continuing any action against a debtor to recover a debt. Therefore, 524(a) also falls under Code of Civil Procedure section 356's description of a statutory prohibition.

Second, section 524(a) achieves the same goal as section 362(a); therefore, based on the reasoning in *Kertesz* and *Wells,* the injunction created by section 524(a) should produce the same effect in tolling the statute of limitations. The *Kertesz* court and the *Wells* court provided two rationales to explain why a bankruptcy proceeding should toll the statute of limitations: (1) "All legal action being taken or to be taken against the debtor are halted . . . [and] no lawsuits can be commenced"; and (2) "a statute of limitations is deemed to run against a lienholder *only while* he may, with exercise of due diligence, institute the proceeding *of his own volition*." (*Kertesz, supra*, 115 Cal.App.4th at p. 376; *Wells, supra,* 47 Cal.App.2d at p. 638; italics added and in original.) The effect of a discharge ruling under section 524(a) meets both of these rationales.

In this case, after the discharge of debt on March 11, 2002, the injunction created by section 524(a) effectively prevented respondent from pursuing a new action to enforce the judgment. Indeed, first, on January 12, 2006, respondent tried to enforce the money judgment against appellant. Respondent's action was brought within the time period of the statute of limitations at that time. However, appellant informed respondent that the debt was discharged and therefore, the injunction barred the commencement of the new action. Furthermore, respondent was unable to bring the action based on *his own volition,* which should have suspended the statute of limitations. In order for respondent to enforce his judgment against appellant, he first needed the bankruptcy court to determine that appellant's debt, which was previously discharged, was not dischargeable. The viability of respondent's new action depended on the bankruptcy court's February 1, 2010 determination regarding appellant's debt. Therefore, for the same reasons *Kertesz*

10

and *Wells* determined that section 362(a) fell under Code of Civil Procedure section 356, we hold that section 524(a) falls under Code of Civil Procedure section 356 as well.

In sum, the *Kertesz* court's and *Wells* court's reasoning in concluding that the automatic stay provision of section 362(a) tolled the statute of limitations extends to an injunction created by the discharge of appellant's debt in section 524(a). Based on sections 362(a), 108(c), 524(a), Code of Civil Procedure section 356, as well as the relevant case law set forth above, we conclude that the injunction created by the discharge of debt on March 11, 2002, tolled the statute of limitations until the bankruptcy court's determination that appellant's debt was not dischargeable on February 1, 2010. Therefore the total time that the statute of limitations was tolled was seven years and 327 days. In view of this conclusion, the trial court properly concluded that respondent's action to enforce the judgment was timely filed.

### DISPOSITION

The judgment is affirmed. Respondent is entitled to costs on appeal.

**WOODS, J.**

**We concur:**

**PERLUSS, P. J.**                                        **SEGAL, J.\***

_____

\*Judge of the Los Angeles Superior Court assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.