[Civ. No. 15832. Second Dist., Div. Three. Oct. 17, 1947.]

GRAYBAR ELECTRIC COMPANY, INC., Appellant, v. ANDREW R. LOVINGER, Respondent.

George T. Goggin and Marvin Wellins for Appellant.

Nat Rosin for Respondent.

SHINN, Acting P. J.—The question on this appeal is whether the four-year period within which the action had to be brought to avoid the bar of the statute under section 337,

Code of Civil Procedure, was extended by virtue of section 11F of the Bankruptcy Act. (11 U.S.C.A., § 29, subd. f.) The trial court held that it was not so extended, that the action was barred and rendered judgment for defendant, from which plaintiff appeals.

The court found that as of August 6, 1940, defendant was indebted to plaintiff on an open book account in the sum of $29,086.19, and that an account was stated on that date establishing said indebtedness. The present action was instituted August 16, 1944, four years and ten days after plaintiff's causes of action were found to have accrued. It was further found that defendant filed a voluntary petition in bankruptcy in November, 1940, and that on October 3, 1941, he was denied a discharge by order made and entered in the bankruptcy proceeding. Plaintiff's claim was allowed in that proceeding for the full amount of the debt and he was paid from the bankrupt estate $6,092.44. The present action is for the balance of $22,919.16.

Section 11F, so far as here involved, reads as follows: "The operation of any statute of limitations of the United States or of any State, affecting the debts of a bankrupt provable under this Act, shall be suspended during the period from the date of the filing of the petition in bankruptcy (1) until the expiration of thirty days after the date of the entry of an order denying his discharge" etc.

Some 11 months elapsed between the date of the filing by defendant of his petition in bankruptcy and the order of the referee denying him a discharge. As plaintiff construes section 11F, this period should be added to the four-year statutory period for commencing the action, thus bringing the date of filing well within the extended period. Defendant construes section 11F to mean that it applies to no causes of action except those as to which the statutory period would expire between the date of the filing of the petition and 30 days after the entry of the order denying a discharge. Under his theory, the Bankruptcy Act comes into operation only when the statutory period would otherwise expire, it operates only to extend the period for bringing the action from the date of expiration of that period to 30 days after the denial of the discharge, and the filing of the petition would not interrupt the running of the statute. He contends, therefore, that plaintiff's time was not extended under the Bankruptcy Act because the four-year period did not expire between the

date of the filing of the petition and 30 days after the order denying the discharge.

It seems too clear for argument that if Congress had intended the act to operate only upon claims which would otherwise be outlawed during the pendency of bankruptcy proceedings the section would have provided merely for an extension of time for bringing suit in such cases to a date 30 days after the denial of the discharge.

Defendant's construction is contrary to the plain wording of the act. When the operation of a statute of limitations is suspended for a given period the effect is to add an equal period to the statutory limitation.

"To suspend" means "to cause to cease for a time." (Webster's New International Dictionary; *Derrick* v. *City of Vallejo,* 4 Cal.App.2d 25 [40 P.2d 949].) "The suspension of a statute of limitations for a certain period is, in effect 'time taken out,' for that period and adds the same period of time to the limitation provided in the statute." (*Hipkins* v. *United States,* D.C.Md., 1 F.Supp. 505, 506.) In *Olds & Whipple* v. *United States Court of Claims,* 22 F.Supp. 809, 819, the court had under consideration a federal revenue act providing that the statute of limitations for bringing an action should be suspended under certain circumstances and the court said: " 'Suspended' was here used in its common and general usage, meaning held in abeyance, temporarily inoperative, arrested, interrupted, stopped for a time. And we think it is clear that Congress intended by the language used that the limitation period specified in the statutes should simply be held in abeyance and should not run during the specified period and that at the end of such period the statute should again commence to run." This construction was followed in *United States* v. *Markowitz,* 34 F.Supp. 827. (Cf. *United States* v. *Havner,* 101 F.2d 161.)

The period between the filing of defendant's petition in bankruptcy and the order denying his discharge was to be added to the statutory four-year period, and the conclusion of law that the action was barred was in error. No other question is argued on the appeal. Upon the findings plaintiff was entitled to judgment.

The judgment is reversed and the trial court is directed to amend its conclusions of law and to render judgment for plaintiff in accordance with the views herein expressed.

Wood, J., and Vallée, J. pro tem., concurred.