Opinion
 

 FUKUTO, Acting P. J.
 

 Norma E. Worcester appeals from the judgment entered following the granting of Kern W. Schumacher’s motion for summary judgment in his action to foreclose a street improvement bond issued by the County of Los Angeles to pay for certain public improvements to
 
 *378
 
 Worcester’s property.
 
 [1]
 
 Worcester contends that Schumacher’s claim is barred by the applicable statute of limitations. She also contends the lien securing the payment of the bond was extinguished pursuant to Civil Code section 2911. We find the applicable statute of limitations extended by Worcester’s petition for bankruptcy.
 

 Facts
 

 The facts are as follows. Schumacher is the owner and holder of bond No. 3127 in the face amount of $6,607.05 which was duly issued in May 1969, by the County of Los Angeles under and by virtue of the Municipal Improvement Act of 1913 (pt. 7 of div. 12 of the Sts. & Hy. Code) and the Improvement Act of 1911 (pt. 5 of div. 7 of the Sts. & Hy. Code).
 
 [2]
 
 Bond No. 3127 is secured by real property which Worcester owns. Worcester has made no assessment payments on the bond since January 2,1982, and the bond has been in default as to principal, interest and penalties since that date. As of January 2, 1982, the total amount unpaid and due on the bond, including principal, interest and penalties, was $7,522,12.
 

 On March 29, 1994, Schumacher filed suit to foreclose bond No. 3127, naming Worcester and all other parties then believed to hold any interest in the real property which secured the bond. Included as a defendant was Arthur Wilkof, in his capacity as conservator of Worcester’s estate. Wilkof answered on behalf of Worcester.
 
 [3]
 

 On May 31, 1995, Wilkof, as conservator for Worcester, moved for summary judgment, contending that Schumacher’s complaint was barred by the applicable four-year statute of limitations. Wilkof also contended that the lien upon Worcester’s property was properly extinguished pursuant to Civil Code section 2911. On September 15, 1995, the trial court denied summary judgment finding “that the statutory limitations were extended for the period of the suspension brought about by the automatic stay in the bankruptcy proceedings,
 
 Graybar Electric Co.
 
 ... vs.
 
 Lovinger
 
 [(1947)] 81 Cal.App.2d 936, 938 [185 P.2d 370].”
 

 In the meantime, on July 17, 1995, Schumacher brought his own motion for summary judgment. Neither Worcester nor any other defendant opposed the motion. Schumacher’s motion was granted on December 15, 1995, with
 
 *379
 
 judgment entered on January 19, 1996. The judgment ordered that Schumacher recover from Worcester $7,522.12, plus attorney fees and costs and foreclosure of the real property. As noted earlier, Worcester and “real party in interest World Interactive Network Inc.” appeal from the January 19, 1996 judgment.
 
 [4]
 

 Discussion
 

 Section 6610 provides that a bondholder’s action for a judicial foreclosure of a lien on a bond issued pursuant to the 1911 Improvement Act be commenced within four years after the due date of the last bond payment. The due date of the last bond payment on bond No. 3127 was January 2, 1989. Four years after the due date of the last bond payment was January 2, 1993. Schumacher’s bond foreclosure complaint was not filed until March 29, 1994. To this mixture of facts must be added Worcester’s bankruptcy filed on May 17, 1983, and lasting until April 20, 1992.
 

 Worcester contends the extension of time provision of Bankruptcy Act (11 U.S.C. § 108(c)) (hereafter section 108(c)) bars the filing of Schumacher’s complaint. Section 108(c) states in pertinent part: “[I]f applicable nonbankruptcy law . . . fixes a period for commencing or continuing a civil action in a court other than a bankruptcy court on a claim against the debtor . . . and such period has not expired before the date of the filing of the petition, then such period does not expire until the later of— [‘JO (1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or [^Q (2) 30 days after notice of the termination or expiration of the stay under section 362 [automatic stay] . . . .”
 

 Citing
 
 Aslanidis
 
 v.
 
 U.S. Lines, Inc.
 
 (2d Cir. 1993) 7 F.3d 1067, 1072-1073, Worcester contends that under section 108(c) the period for commencing a civil action against the debtor expires at the latter of (1) the end of the limitations period including any suspension (4 years from January 2, 1989), or (2) 30 days after the termination of the automatic stay (30 days after April 20, 1992).
 

 Schumacher, relying on
 
 Graybar Electric Co.
 
 v.
 
 Lovinger
 
 (1947) 81 Cal.App.2d 936 [185 P.2d 370]
 
 (Graybar),
 
 contends that Worcester’s filing
 
 *380
 
 a petition for bankruptcy extended the period for commencing his action by the amount of time Worcester was involved in the bankruptcy. In
 
 Graybar,
 
 the question on appeal was whether the four-year period within which the action had to be brought to avoid the bar of the statute of limitations under Code of Civil Procedure section 337 was extended by virtue of the applicable provision of the Bankruptcy Act (11 U.S.C.A. § 29f.) as it read at that time. The extension of time provision of the Bankruptcy Act then stated in pertinent part: “ ‘The operation of any statute of limitations of the United States or of any State, affecting the debts of a bankrupt provable under this Act, shall be suspended during the period from the date of the filing of the petition in bankruptcy (1) until the expiration of thirty days after the date of the entry of an order denying his discharge’ . . . .”
 
 (Graybar, supra,
 
 at p. 937.) The appellate court held that the period in bankruptcy should be added to the period for commencing the action. “ ‘The suspension of a statute of limitations for a certain period is, in effect “time taken out," for that period and adds the same period of time to the limitation time provided in the statute.’ [Citation.]”
 
 (Id.
 
 at p. 938.)
 

 Schumacher also cites Code of Civil Procedure section 356 which provides: “When the commencement of an action is stayed by injunction or statutory prohibition, the time of the continuance of the injunction or prohibition is not part of the time limited for the commencement of the action.” A bankruptcy stay has been held to be a “statutory prohibition” within the meaning of Code of Civil Procedure section 356.
 
 (Wells
 
 v.
 
 California Tomato Juice, Inc.
 
 (1941) 47 Cal.App.2d 634, 637-638 [118 P.2d 916].)
 

 We believe Schumacher’s contention is correct. Under Code of Civil Procedure section 356, i.e., the period of time of the automatic stay should not be counted as part of limitation time.
 

 Even if we accept Worcester’s argument that section 108(c) is controlling and Schumacher must have filed his complaint within 30 days of the termination of the bankruptcy stay, she would not prevail. Section 108(c)(2) provides that the limitations period does not expire until “30 days after
 
 notice of
 
 the termination or expiration of the [automatic] stay.” (Italics added). Here, no notice of termination of Worcester’s bankruptcy was ever sent by or on behalf of Worcester. It is also undisputed that Schumacher did not receive notice of the termination of Worcester’s bankruptcy before March 29, 1994, when he filed the complaint. Not having been given notice of the termination of the bankruptcy stay, the 30-day period for Schumacher to file his complaint did not expire and the complaint was timely filed. The trial court properly denied Worcester summary judgment and properly granted Schumacher the same.
 

 
 *381
 
 Worcester also contends that the bond lien was extinguished by Civil Code section 2911. In pertinent part, Civil Code section 2911 provides: “A lien is extinguished by the lapse of time within which, under the provisions of the Code of Civil Procedure . . . : [U 1. An action can be brought upon the principal obligation . . . [f] . . - Anything to the contrary notwithstanding, any lien heretofore existing or which may hereafter exist upon real property to secure the payment of a public improvement assessment shall be presumed to have been extinguished at the expiration of four years after the due date of such assessment or the last installment thereof . . . .” The section goes on to say that the mentioned presumption is not conclusive except in favor of a bona fide purchaser for value.
 

 Civil Code section 2911 does not help Worcester. As we have concluded above, Schumacher’s action on bond No. 3127 was still viable. A lien is not extinguished by lapse of time so long as the principal obligation is kept alive.
 
 (Worth
 
 v.
 
 Worth
 
 (1909) 155 Cal. 599, 602 [102 P 663].) Under these circumstances, the rebuttable presumption that the lien was extinguished is not applicable.
 

 Disposition
 

 The judgment is affirmed.
 

 Nott, J., and Zebrowski, J., concurred.
 

 [1]
 

 In her notice of appeal, Worcester names herself and “real party in interest World Interactive Network Inc.” as appellants. The record contains no reference to World Interactive Network, Inc.
 

 [2]
 

 All statutory references are to that code unless otherwise designated.
 

 [3]
 

 The interests of all other defendants were either discharged, defaulted or otherwise terminated. None are parties to this appeal.
 

 [4]
 

 Schumacher contends Worcester has no standing to appeal because her attorney on this appeal was not her attorney in the trial court and no substitution of attorney was filed; and because she filed no opposition to Schumacher’s summary judgment motion. The authorities Schumacher submits do not support his contentions. As to Schumacher’s latter contention, while we agree under the right circumstances an appellant may be deemed to waive a right to appeal, we do not believe a finding of waiver should be made in this case since Worcester’s motion for summary judgment involved the same legal issues as in Schumacher’s motion.