FILED

SEP 3 2019

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

**ORDERED PUBLISHED**

# UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re: | BAP No. SC-18-1121-SFL |
| CHARLES STUART BROWN and HOLLY ANN BROWN, | Bk. No. 12-12241-LA7 |
| Debtors. | |
| CHARLES STUART BROWN; HOLLY ANN BROWN, | |
| Appellants, | |
| v. | **OPINION** |
| QUANTUM3 GROUP LLC; MOMA FUNDING LLC, | |
| Appellees. | |

Argued and Submitted on October 25, 2018
at Pasadena, California

Filed – September 3, 2019

Appeal from the United States Bankruptcy Court
for the Southern District of California

Honorable  Louise DeCarl Adler, Bankruptcy Judge, Presiding

Appearances:     Michael G. Doan of Doan Law Firm argued for
                 Appellants; Dennis Winters of Winters Law Firm argued
                 for Appellees.

Before: SPRAKER, FARIS, and LAFFERTY, Bankruptcy Judges.

SPRAKER, Bankruptcy Judge.

## INTRODUCTION

Debtors Charles and Holly Brown appeal the overruling of their objection to creditor MOMA Funding LLC's unsecured proof of claim of $832.30. The Browns objected on the ground that the claim was barred by the applicable statute of limitations. They acknowledge that the statute of limitations had not run when they filed their bankruptcy case but contend that the claim is barred by the applicable statute of limitations because the applicable limitations period expired postpetition before the creditor filed its claim.

We AFFIRM the order overruling the Browns' claim objection. We agree with the bankruptcy court's conclusion that the time to commence an action on the underlying claim has been continuously tolled by applicable state law since the filing of the Browns' bankruptcy. We publish because no prior published decision has determined whether the discharge injunction

2

triggers the limitations period suspension provided for in the relevant California tolling statute – California Code of Civil Procedure ("C.C.P.") § 356.

**FACTS**

The controlling facts are not in dispute. In August 2012, the Browns commenced their bankruptcy case by filing a voluntary chapter 7[1] petition. Because of an apparent lack of assets, the bankruptcy court did not set a deadline to file proofs of claim, and its notice of the bankruptcy filing instructed creditors not to file proofs of claim.[2] The chapter 7 trustee promptly thereafter issued his final report stating that there were no assets to distribute. Within a matter of months, the Browns received their discharge, and the case was closed.

In August 2017, roughly four and a half years after the case was closed, the Browns moved to reopen their case. According to the Browns, they recently discovered a potential prepetition personal injury or product liability cause of action. The bankruptcy court entered an order reopening

---

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, all "Rule" references are to the Federal Rules of Bankruptcy Procedure, and all "Civil Rule" references are to the Federal Rules of Civil Procedure.

[2] Neither of the parties included a copy of this notice in their excerpts of record. Nonetheless, we take judicial notice of its contents, along with the other documents available from the bankruptcy court's electronic docket for the Browns' bankruptcy case. *O'Rourke v. Seaboard Sur. Co. (In re E.R. Fegert, Inc.)*, 887 F.2d 955, 957-58 (9th Cir. 1989).

the case, and a new chapter 7 trustee was appointed. The bankruptcy court then issued a notice advising creditors that assets for distribution had been found and set a claims bar date of December 26, 2017, for creditors to file proofs of claim.

On October 2, 2017, Quantum3 Group LLC signed and filed a proof of claim on behalf of MOMA, as MOMA's agent.[3] MOMA asserted that it held a valid unsecured claim of $832.30. The Browns objected to MOMA's proof of claim as barred by the statute of limitations.[4] The Browns conceded that a four-year limitations period applied under California law, C.C.P. § 337, and that their bankruptcy case intervened before the limitations period expired. Citing C.C.P. § 356, the Browns also conceded that, under California law, the limitations period was tolled as long as the automatic stay prohibited MOMA from instituting a collection action on its claim.

However, the Browns argued that, once they received their discharge and their bankruptcy case was closed, the automatic stay terminated. The Browns insisted that the limitations period resumed upon the closing of their case and ultimately expired on July 25, 2016. They further maintained

[3] In all relevant respects, Quantum's participation in this matter seems to be limited to its apparent role as MOMA's agent. Accordingly, this decision refers solely to MOMA. It is the stakeholder of the right to payment that is at issue in this appeal.

[4] The Browns abandoned other grounds asserted in two prior claim objections.

that, unlike the automatic stay, the discharge injunction did not prohibit MOMA from suing them. The Browns contended that MOMA should have nominally sued them for the outstanding $832.30 balance solely for the purpose of preserving its rights before the statute of limitations expired. Therefore, they posited that the discharge injunction did not cause a further suspension of the limitations period. Consequently, because MOMA did not file its proof of claim until October 2017, the Browns reasoned that the claim was barred by the statute of limitations.

In response to the Browns' claim objection, MOMA argued that the tolling provision provided by C.C.P. § 356 was broader in scope than the Browns admitted and was triggered by the Browns' discharge. MOMA pointed to the language of the statute, which provides for a suspension of the applicable limitations period whenever – and so long as – the commencement of an action is stayed by injunction or statutory prohibition. Additionally, MOMA rejected out of hand the Browns' assertion that the discharge injunction permitted MOMA to bring an action nominally naming the Browns as defendants solely for the purpose of preserving their claim.

After holding a hearing on the claim objection, the bankruptcy court entered an order overruling the objection and allowing the claim. The bankruptcy court explained that, pursuant to C.C.P. § 356, the discharge injunction suspended the applicable limitations period. According to the

court, the Browns' argument that the discharge injunction did not trigger C.C.P. § 356 was unsupported by any persuasive authority and was at odds with the plain language of the statute. The Browns timely appealed.

## JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(B). We have jurisdiction under 28 U.S.C. § 158.

## ISSUES

1. Did the bankruptcy court err when it held that the Browns' discharge injunction tolled the applicable statute of limitations?

2. Did the bankruptcy court abuse its discretion by not holding an evidentiary hearing on the Browns' claim objection?

3. Did the bankruptcy court err by not rendering findings of fact?

## STANDARDS OF REVIEW

The issues raised in this appeal require us to construe state and federal statutes and rules. These issues are questions of law that we review de novo. *de la Salle v. U.S. Bank, N.A. (In re de la Salle)*, 461 B.R. 593, 601 (9th Cir. BAP 2011) (citing *Heath v. Am. Express Travel Related Servs. Co. (In re Heath)*, 331 B.R. 424, 428 (9th Cir. BAP 2005)).

The bankruptcy court's decision not to hold an evidentiary hearing is reviewed for an abuse of discretion. *Caviata Attached Homes, LLC v. U.S. Bank, N.A. (In re Caviata Attached Homes, LLC)*, 481 B.R. 34, 43 (9th Cir. BAP 2012) (citing *Zurich Am. Ins. Co. v. Int'l Fibercom, Inc. (In re Int'l Fibercom,*

6

*Inc.)*, 503 F.3d 933, 939 (9th Cir. 2007)). The bankruptcy court abused its discretion if it applied the incorrect legal standard or if its factual findings were clearly erroneous. *United States v. Hinkson*, 585 F.3d 1247, 1261-62 (9th Cir. 2009) (en banc).

## DISCUSSION

**A. The Browns' Bankruptcy Has Continuously Tolled The Statute Of Limitations For MOMA To Commence An Action To Recover The Debt Owed By The Browns.**

Section 502 governs the allowance and disallowance of claims. Under § 502(a), a claim is "deemed allowed" in the absence of an objection. *See In re Heath*, 331 B.R. at 435. Section 502(b)(1) provides in relevant part that, when a claim objection is filed, the claim shall be allowed unless "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured." If an objection is filed, the court must "determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition. . . ." § 502(b).

As the basis for their claim objection, the Browns relied solely on the four-year statute of limitations set forth in C.C.P. § 337.[5] The parties agree

---

[5] C.C.P. § 337 provides in relevant part that the types of actions which must be commenced within four years of accrual include those on a written contract, and also those based on the following: "(1) upon a book account whether consisting of one or more entries; (2) upon an account stated based upon an account in writing . . . ; [or] (3) a

(continued...)

7

that C.C.P. § 337 governs MOMA's debt and the applicable limitations period was four years, which had not expired when the Browns filed for bankruptcy. The Browns also acknowledge that their bankruptcy tolled the limitations period. They principally argue on appeal that their discharge restarted the limitations period so that MOMA's claim against the bankruptcy estate is now time barred.[6]

---

[5](...continued)
balance due upon a mutual, open and current account . . . ." Actions on credit card debt fall within the scope of C.C.P. § 337. *See Prof'l Collection Consultants v. Lauron*, 8 Cal. App. 5th 958, 966-71 (2017).

[6] One could make a strong argument that MOMA's claim was timely even absent a state statute like C.C.P. § 356. We have previously noted that "[a]s of the petition date, the estate is created and creditors' rights are fixed as much as possible." *BAC Home Loans Servicing, LP v. Abdelgadir (In re Abdelgadir)*, 455 B.R. 896, 901 (9th Cir. BAP 2011)(footnote omitted). Section 502(b) specifies that the amount of a creditor's claim is determined as of the petition date. *See Cadle Co. v. Mangan (In re Flanagan)*, 503 F.3d 171, 179 (2d Cir. 2007) ("A plain reading of [§ 502(b)] thus suggests that the bankruptcy court should determine whether a creditor's claim is enforceable against the debtor as of the date the bankruptcy petition was filed."); *In re Ricks*, Case No. 09-00215-JDP, 2010 WL 4257598, at *4 (Bankr. D. Idaho Oct. 27, 2010) ("Section 502(b)(1) requires a determination of the allowance and amount of a claim 'as of the date of the filing of the petition.'"); *In re Sanger-Morales*, Case No. 14-31997-RLD7, 2015 WL 9984974, at *4 (Bankr. D. Or. Oct. 21, 2015) ("Under § 502(b), the amounts and allowance of claims are determined 'as of the date of the filing of the petition.'"); *Muir v. Sallie Mae Servicing Corp. (In re Muir)*, 239 B.R. 213, 219 (Bankr. D. Mont. 1999) ("This section [§ 502(b)] makes it clear that the petition date establishes the right to allowance of a claim."). Section 558 ensures that the estate has "any defense available to the debtor," and specifically includes statutes of limitation as an available defense. But courts limit such defenses to any **prepetition** defenses that the debtor may have had outside of bankruptcy to defeat claims made against the estate. *See In re Parrott Broad. Ltd. P'ship*, Case No. 10-40017-JDP, 2013 WL 3230345, at *7 (Bankr. D. Idaho June 26, 2013) ("These

(continued...)

Section 108(c) details the effect of a bankruptcy upon unexpired statutes of limitations for claims against the debtor. It states as follows:

> Except as provided in section 524 of this title, if applicable nonbankruptcy law, an order entered in a nonbankruptcy proceeding, or an agreement fixes a period for commencing or continuing a civil action in a court other than a bankruptcy court on a claim against the debtor . . . , and such period has not expired before the date of the filing of the petition, then such period does not expire until the later of–
>
> > (1) the end of such period, including any suspension of such period occurring on or after the commencement of

---

[6](...continued) defenses are limited to 'pre-petition defenses to a cause of action that would have been applicable to a debtor if no bankruptcy case had been filed.'") (citing *Reed v. City of Arlington*, 650 F.3d 571, 575 (5th Cir. 2011)); *NRG Options, Inc. v. Ruthrauff, Inc (In re Ruthrauff, Inc.),* No. 03-35738 BM, 2005 WL 1420765, at *7 (Bankr. W.D. Pa. June 16, 2005) ("Section 558 frequently comes into play when a debtor in bankruptcy objects to a claim filed in the case by a creditor. It applies to any pre-petition defenses a debtor in bankruptcy may have to a cause of action or a claim against it."). Taken together, these sections establish that "[p]ost-petition conduct . . . cannot justify disallowing a proof of claim." *Sears v. Sears (In re Sears)*, 863 F.3d 973, 978 (8th Cir. 2017) (rejecting postpetition allegations of breaches of duty of loyalty and good faith as basis for disallowance of creditor's claim). Additionally, to the extent necessary, § 108(c) may render the claim timely. *See Spirtos v. Moreno (In re Spirtos)*, 221 F.3d 1079 (9th Cir. 2000) (finding that application of California's requirement to renew judgment was tolled pending the bankruptcy under § 108(c)). The postpetition running of the statute of limitations should not be the basis for disallowance of a valid prepetition claim against the bankruptcy estate, especially where the bankruptcy was designated a no asset case and the creditor was instructed not to file a proof of claim pursuant to Rule 2002(e). To hold otherwise is to invite all sorts of mischief in the reporting of undisclosed assets by debtors. We do not address these issues further as neither the bankruptcy court nor the parties have addressed them, and we reach the same result by application of C.C.P. § 356.

the case; or

> (2) 30 days after notice of the termination or expiration of the stay under section 362, 922, 1201, or 1301 of this title, as the case may be, with respect to such claim.

In simpler terms, unless the limitations period under applicable nonbankruptcy law would expire later, a limitations period that did not expire prepetition will expire thirty days after the expiration or termination of the automatic stay. *See Rogers v. Corrosion Prods., Inc.*, 42 F.3d 292, 297 (5th Cir. 1995) (holding that, if no federal or state law suspends the limitations period, "a party must file suit within the thirty-day grace period after the end of the stay."). Here, the automatic stay terminated upon the Browns' receipt of their discharge on December 4, 2012. *See* § 362(c)(2). As a result, the thirty-day extension of any limitations periods provided in § 108(c)(2) would have ended, at the latest, in January 2013. Thus, to the extent applicable, § 108(c)(2) does not support the timeliness of MOMA's proof of claim.

On the other hand, § 108(c)(1) requires that we look to the nonbankruptcy limitations period, and "any suspension of such period occurring on or after the commencement of the case" to determine when the limitations period would expire. *See Rogers*, 42 F.3d at 297. Here, C.C.P. § 356 provides that "[w]hen the commencement of an action is stayed by injunction or statutory prohibition, the time of the continuance of the

injunction or prohibition is not part of the time limited for the commencement of the action." MOMA maintains that C.C.P. § 356 tolled the statute of limitations after the automatic stay terminated.

The Browns acknowledge that the time during which the automatic stay applied is not included when calculating the applicable limitations period. California courts have long recognized that stays imposed upon the filing of a bankruptcy case qualify as injunctions for purposes of C.C.P. § 356. *See Eistrat v. Cekada*, 50 Cal. 2d 289, 291-92 (1958); *see also Kertesz v. Ostrovsky*, 115 Cal. App. 4th 369, 378 (2004); *Schumacher v. Worcester*, 55 Cal. App. 4th 376, 379-80 (1997); *Graybar Elec. Co. v. Lovinger*, 81 Cal. App. 2d 936, 938 (1947); *Wells v. Cal. Tomato Juice, Inc.*, 47 Cal. App. 2d 634, 637–38 (1941). But the Browns argue that the limitations period on MOMA's claim began to run again on December 4, 2012, when the bankruptcy court closed their bankruptcy case, thereby terminating the automatic stay. The Browns reason that once the statute of limitations recommenced running, the applicable limitations period expired before MOMA filed its proof of claim, and its claim must be disallowed.

MOMA argues that the statute of limitations never restarted because it was enjoined from pursuing the Browns after entry of the Browns' discharge. The bankruptcy court agreed with MOMA and held that under C.C.P. § 356 the discharge injunction continued to toll the limitations period. No California court has issued a published decision determining

11

whether the § 524 discharge injunction triggers C.C.P. § 356. Nor are we aware of any federal decision on point.

In relevant part, § 524(a)(2) states that the bankruptcy discharge "operates as an injunction against the commencement or continuation of an action . . . to collect, recover or offset any such debt as a personal liability of the debtor." The Browns do not deny that § 524(a)(2) imposed a statutory injunction on their creditors. Rather, they attempt to distinguish the automatic stay from the discharge injunction by noting that the stay is much broader. They maintain that the discharge injunction is limited to only those actions seeking to impose personal liability on the debtor. They reason that the discharge injunction is not broad enough to trigger C.C.P. § 356.

In support of their position, the Browns rely upon the fact that the discharge injunction is not absolute. They maintain that, notwithstanding the discharge injunction, MOMA could have commenced an action nominally naming the Browns for some purpose other than collecting or enforcing the debt as a personal liability. The Browns cite numerous cases holding that the discharge injunction does not prohibit the filing of lawsuits nominally or putatively naming a former debtor for various other purposes. *See, e.g., Houston v. Edgeworth (In re Edgeworth)*, 993 F.2d 51, 54 (5th Cir. 1993) (action to recover on debtor's malpractice insurance); *Ruvacalba v. Munoz (In re Munoz)*, 287 B.R. 546, 550 (9th Cir. BAP 2002)

12

(action to obtain payment from uninsured employers' fund). The legal principle to which the Browns cite is well established. As we explained in *Desert Pine Villas Homeowners Ass'n v. Kabiling (In re Kabiling)*, 551 B.R. 440, 446 (9th Cir. BAP 2016):

> [t]he mere filing of a complaint against a debtor by a prepetition creditor does not necessarily violate the discharge injunction. For example, pursuing a post-discharge lawsuit in which the debtor is named as a putative party to collect from a collateral source, such as an insurance policy or an uninsured employers' fund, does not violate section 524 provided "the plaintiff makes it clear that it is not naming the debtor as a party for anything other than formal reasons."

*Id.* at 446 (quoting *In re Munoz*, 287 B.R. at 550).

However, the Browns' application of this principle to this instance is nonsensical. Most importantly, there is no collateral source of recovery from which MOMA, or any of the Browns' other creditors, could recover. The only source of recovery was, and remains, the bankruptcy estate.[7] Therefore, in order to comply with the statute of limitations, MOMA would have needed to commence a timely action to collect or enforce the debt. California law defines "action" as "the judicial remedy to **enforce** an

---

[7] This point is critical. MOMA seeks to collect only against the *estate,* not the debtors. The Browns' discharge extinguished all of their personal liability for dischargeable debts. *See Johnson v. Home State Bank*, 501 U.S. 78, 83 (1991). Post-discharge, the statute of limitations is relevant only to nondischargeable debts for which a debtor's personal liability continues. This appeal does not present the question of how statutes of limitation apply to a debtor's liability on nondischargeable debts.

obligation." *Lafferty v. Wells Fargo Bank, N.A.*, 25 Cal. App. 5th 398, 414 (2018) (emphasis added). The only obligation to enforce is the Browns' personal liability for their discharged prepetition debts. This is precisely the type of activity that the § 524 discharge enjoins. *See Johnson*, 501 U.S. at 83 (holding that the bankruptcy discharge extinguishes "the personal liability of the debtor"); *see also Pierce v. Carson (In re Rader)*, 488 B.R. 406, 415 (9th Cir. BAP 2013) (where there is no collateral source, creditors "would have been seeking to hold Debtors personally liable and therefore would not have named Debtors for 'formal reasons' only.") Accordingly, the injunction imposed by § 524(a)(2) enjoined any further action against the Browns on MOMA's discharged debt. Pursuant to C.C.P. § 356, the limitations period for claims against the Browns was tolled in light of the statutory discharge injunction.[8]

The Browns' position not only is contrary to law, but also is unjust. If the Browns had disclosed all of their assets (including their litigation claim) as they were required to do when they filed their bankruptcy petition in 2012, the bankruptcy court would have instructed creditors to file claims,

---

[8] The discharge injunction arising under § 524(a)(2) qualifies as it is a statutory injunction. But the plain language of C.C.P. § 356 is broader in scope than the Browns' interpretation allows. Under the statute, so long as the creditor is prohibited from bringing an action to enforce his or her rights against the debtor, the statute of limitations is suspended. *Eistrat*, *Kertesz*, *Schumacher*, *Graybar,* and *Wells*, all cited above, collectively support our plain language interpretation. They collectively stand for the proposition that **any** order or statute enjoining the commencement of the action triggers C.C.P. § 356.

MOMA presumably would have filed a claim by the bar date, and the statute of limitations would not have been an issue. Thus, the Browns can make their statute of limitations argument only because they took five years too long to disclose all of their assets. If we were to accept the Browns' position, the Browns would benefit at MOMA's expense solely because the Browns failed to carry out their duty. Neither the law nor basic notions of justice countenance this result.

The Browns suggest that all creditors must safeguard themselves against the debtors' possible errors, innocent or otherwise, by commencing post-discharge actions against the debtors. But that is not how bankruptcy works, and the very actions the Browns proposed would violate the discharge injunction.

Instead, debtors must fully and completely disclose all assets. *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 785 (9th Cir. 2001). If no assets are available for administration, a debtor's case may be designated as a no asset case, and a notice is sent out instructing creditors not to file a proof of claim. Rule 2002(e). MOMA did exactly what was asked of it. The risk of nondisclosure is always upon debtors. *See Hickman v. Hana (In re Hickman)*, 384 B.R. 832, 841 (9th Cir. BAP 2008). A fraudulent failure to disclose assets will result in the denial of a debtor's discharge. § 727(a)(4); *see also* § 727(d)(1). Moreover, if a debtor does not fully and accurately disclose all assets, those undisclosed assets are not abandoned to that

debtor upon the closing of the bankruptcy case. § 554(c). Rather, undisclosed property remains available for administration for the benefit of the unsecured creditors. *Diamond Z Trailer, Inc. v. JZ L.L.C. (In re JZ L.L.C.)*, 371 B.R. 412, 418 (9th Cir. BAP 2007). MOMA was not required to take any further action to participate in the distribution from the Browns' bankruptcy estate other than to timely file a proof of claim.

Here, the Browns disclosed no assets for the bankruptcy estate to administer. MOMA, and the Browns' other unsecured creditors, were entitled to rely on those disclosures. *See Duplessis v. Valenti (In re Valenti)*, 310 B.R. 138, 151 (9th Cir. BAP 2004). They would have been required to file a proof of claim to participate in any distribution from the bankruptcy estate, but based upon the Browns' schedules, there was nothing for the trustee to administer.

In sum, the Browns have not persuaded us that the discharge injunction is beyond the scope of C.C.P. § 356. To the contrary, we are convinced that the discharge injunction triggers the limitations period suspension provided for in the statute. Therefore, we reject the Browns' principal argument on appeal.[9]

---

[9] Regarding the underlying statute of limitations, we are aware of a 2018 amendment to C.C.P. § 337, which provides in relevant part that: "[t]he period in which an action may be commenced under this section shall only be extended pursuant to Section 360." 2018 Cal. Legis. Serv. Ch. 247 (A.B. 1526) (West 2018). C.C.P. § 360 generally deals with revival of time-barred debts by acknowledgment or other conduct

(continued...)

**B.   None Of The Browns' Procedural Arguments Have Any Merit.**

The only other arguments the Browns have asserted on appeal are procedural. First, they complain that the bankruptcy court did not make any findings of fact in support of its allowance of MOMA's proof of claim. Second, they claim that the bankruptcy court was required to hold an evidentiary hearing on their claim objection. Each of these arguments lacks merit for the same reason: there were no disputed material issues of fact.

**1.   Findings Requirement.**

The Browns' claim objection initiated a contested matter under Rule 9014. Pursuant to Rules 9014(c) and 7052, the bankruptcy court's resolution

---

[9](...continued)
of the debtor. Under a noncontextual reading, the C.C.P. § 337 amendment arguably renders inapplicable all grounds for tolling other than C.C.P. § 360. California recognizes a variety of different circumstances that can toll limitations periods, including when the commencement of the action is barred by injunction or statutory prohibition. *See* 3 Witkin, Cal. Proc. 5th Actions §§ 694, 720 et seq. (2008).

But the wholesale exclusion of virtually all tolling grounds from applying to C.C.P. § 337 would make little or no sense. Reading the amendment in the context of the statutory scheme, it is reasonably clear that the California legislature only meant that creditor attempts to bind debtors to lapsed debts should be strictly limited to those specific situations contemplated in C.C.P. § 360. The legislative history accompanying the amendment supports our reading. The legislative history indicates that the legislature was focused on reigning in the perceived excesses of debt buyers and debt collectors. *See* Cal. Bill Analysis, A.B. 1526 Sen. (July 3, 2018); Cal. Bill Analysis, A.B. 1526 Assem. (Jan. 17, 2018). Even if our construction of the amendment turns out to be incorrect, it is unlikely that the amendment would apply retroactively to the matter before us. *See Evangelatos v. Sup. Ct.*, 44 Cal. 3d 1188, 1208-09 (1988); *see also Tabarrejo v. Sup. Ct.*, 232 Cal. App. 4th 849, 863 (2014) (holding that statute of limitations is a substantive defense).

of a contested matter ordinarily must include factual findings as set forth in Civil Rule 52(a)(1). That Civil Rule provides:

> In an action tried on the facts without a jury or with an advisory jury, the court must find the facts specially and state its conclusions of law separately. The findings and conclusions may be stated on the record after the close of the evidence or may appear in an opinion or a memorandum of decision filed by the court. Judgment must be entered under Rule 58.

However, the Browns' claim objection was not "tried on the facts." The only issue the Browns raised in their claim objection concerned the scope of C.C.P. § 356, which was purely a question of law. The Browns have not identified any disputed issues of fact relevant to this legal issue. Nor has our own review of the record revealed any.

### 2. Evidentiary Hearing Requirement.

Similarly, the resolution of contested matters generally requires an evidentiary hearing. *See* Rule 9014(d) and accompanying advisory committee notes. As stated in Rule 9014(d): "Testimony of witnesses with respect to disputed material factual issues shall be taken in the same manner as testimony in an adversary proceeding."

However, holding an evidentiary hearing serves no legitimate purpose when no "disputed material factual issues" exist. *See In re Caviata Attached Homes, LLC,* 481 B.R. at 45-46. In other words, "[w]here the . . . core facts are not disputed, the bankruptcy court is authorized to determine contested matters . . . on the pleadings and arguments of the parties,

drawing necessary inferences from the record." *Id.* (quoting *Tyner v. Nicholson (In re Nicholson)*, 435 B.R. 622, 636 (9th Cir. BAP 2010)).

As set forth above, the Browns' claim objection only raised the legal issue concerning the scope of C.C.P. § 356. The claim objection presented no other issues, and the controlling facts were undisputed. Consequently, neither factual findings nor an evidentiary hearing were necessary.

## CONCLUSION

For the reasons set forth above, we AFFIRM the bankruptcy court's order overruling the Browns' claim objection and allowing MOMA's claim.